## Case No. 18,021.

WOODWORTH et al. v. STONE.

[3 Story, 749;[1] 2 Robb, Pat. Cas. 296.]

Circuit Court, D. Massachusetts. May Term, 1845.

SURRENDER OF PATENT—EFFECT—INJUNCTION—ISSUE OF NEW PATENT—DECISION OF COMMISSIONER—REVIEW.

1. An injunction granted on an original bill, before the surrender of a patent, cannot be maintained upon the new patent. unless a supplemental bill be filed, founded thereon.

2. A patentee cannot, by a surrender of his patent, affect the rights of third persons, to whom he has previously assigned his interest in

[1] [Reported by William W. Story, Esq.]
30 Fed.Cas.—38

the whole or a part of the patent, unless the assignees consent to the surrender.
[Cited in Potter v. Braunsdorf, Case No. 11,-321; Potter v. Holland, Id. 11,329.]

3. To support an action at law for the breach of a patent, it is indispensable to prove a breach before the action is brought; but, if the patent right be admitted or established, a bill in equity quia timet will lie for an injunction upon well grounded proof of any apprehended intention of the defendant to violate it.
[Cited in Woodworth v. Rogers, Case No. 18,-018; Goodyear v. Providence R. Co.. Id. 5.583; Potter v. Crowell, Id. 11,323; Wheeler v. McCormick. Id. 17,498; Celluloid Manuf'g Co. v. Arlington Manuf'g Co., 34 Fed. 325; Sherman v. Nutt, 35 Fed. 150; California Electrical Works v. Henzel, 48 Fed. 377; Page Woven Wire Fence Co. v. Land, 49 Fed. 938.]
[Cited in McBurney v. Goodyear, 11 Cush. 571.]

4. The decision of the commissioner of patents in respect to accepting a surrender of an old patent, and granting a new one, is not reexaminable elsewhere, unless it appear on the face of the patent, that he has exceeded his authority.
[Cited in Smith v. Mercer, Case No. 13,078; Seymour v. Osborne. 11 Wall. (78 U. S.) 545; Allen v. Blunt, Case No. 217; French v. Rogers, Id. 5,103; Potter v. Holland, Id. 11,330; Hussey v. Bradley, Id. 6,946; Blake v. Stafford, Id. 1,504; Jordan v. Dobson, Id. 7,519; Chicago Fruit House Co. v. Busch, Id. 2.669; Combined Patents Can Co. v. Lloyd, 11 Fed. 151.]

This was the case of a bill in equity, brought [by William W. Woodworth, administrator] for an infringement of what is commonly called "Woodworth's Planing Machine." The bill prayed for an injunction and other relief. Upon an interlocutory hearing a temporary injunction was granted by the district judge. Pending the proceedings, the patent was surrendered on account of a defect in the specification, and a new patent was granted; and upon this new patent a supplemental bill was filed against the defendant [Joel Stone] for the continuance of the injunction and other relief.

Mr. Giles, for defendant, now moved to dissolve the original injunction; and contemporaneously, B. R. Curtis, for the plaintiff, moved for the continuance of the injunction upon the supplemental bill.

Various objections were urged for the defendant against the motion for the continuance of the injunction on the supplemental bill, and the surrender of the old patent was relied upon in support of the motion to dissolve the injunction granted on the original bill. These objections were replied to on behalf of the plaintiff. and the propriety of continuing the injunction insisted on.

STORY, Circuit Justice. If the present case had stood merely upon the original bill. it appears to me clear. that the motion to dissolve the injunction granted upon that bill, ought to prevail, because, by the surrender of the patent, upon which that bill is founded, the right to maintain the same would

be entirely gone. I agree that it is not in the power of the patentee, by a surrender of his patent, to affect the rights of third persons, to whom he has previously, by assignment, passed his interest in the whole or a part of the patent, without the consent of such assignees. But, here, the supplemental bill admits, that the assignees, who are parties to the original and supplemental bill, have consented to such surrender. They have, therefore, adopted it; and it became theirs in the same manner as if it had been their personal act, and done by their authority.

The question, then, is precisely the same, as if the suit were now solely in behalf of the patentee. In order to understand with clearness and accuracy some of the objections to the continuance of the injunction, it may be necessary to state, that the original patent to William Woodworth (the inventor), who is since deceased, was granted on the 27th of December, 1828. Subsequently, under the eighteenth section of the act of 1836, c. 357 [5 Stat. 117], the commissioners of patents, on the 16th of November, 1842, recorded the patent in favor of William W. Woodworth, the administrator of William Woodworth (the inventor), for seven years from the 27th of December, 1842. Congress, by an act passed at the last session (act of 26th of February, c. 27 [6 Stat. 936]), extended the time of the patent for seven years from and after the 27th of December, 1849 (to which time the renewed patent extended); and the commissioner of patents was directed to make a certificate of such extension in the name of the administrator of William Woodworth (the inventor), and to append an authenticated copy thereof to the original letters patent, whenever the same shall be requested by the said administrator or his assigns. The commissioner of patents, accordingly, on the 3d of March, 1845, at the request of the administrator, made such certificate on the original patent. On the 8th day of July, 1845, the administrator surrendered the renewed patent granted to him "on account of a defect in the specification." The surrender was accepted, and a new patent was granted on the same day to the administrator, reciting the preceding facts, and that the surrender was "on account of a defective specification," and declaring that the new patent was extended for fourteen years from the 27th of December, 1828, "in trust for the heirs at law of the said W. Woodworth (the inventor), their heirs, administrators or assigns."

Now, one of the objections taken to the new patent is, that it is for the term of fourteen years, and not for the term of seven years, or for two successive terms of seven years. But it appears to me that this objection is not well founded, and stands inter apices juris; for the new patent should be granted for the whole term of fourteen years from the 27th of December, and the legal effect is the same as it would be, if the patent was specifically renewed for two successive terms of seven years. The new patent is granted for the unexpired term only, from the date of the grant, viz: "for the unexpired period existing on the 8th of July, 1845, by reference to the original grant in December, 1828. It is also suggested, that the patent ought not to have been in trust for the heirs at law of the said W. Woodworth, their heirs, administrators or assigns." But this is, at most, a mere verbal error, if indeed it has any validity whatsoever; for the new patent will, by operation of law, enure to the sole benefit of the parties, in whose favor the law designed it should operate, and not otherwise. It seems to me that the case is directly within the purview of the tenth and thirteenth sections of the act of 1836, c. 357, taking into consideration their true intent and objects.

Another objection urged against the continuation of the injunction is, that the breach of the patent assigned in the original bill can have no application to the new patent, and there is no ground to suggest, that, since the injunction was granted, there has been any new breach of the old patent, or any breach of the new patent. But it is by no means necessary, that any such new breach should exist. The case is not like that of an action at law for the breach of a patent, to support which it is indispensable to establish a breach before the suit was brought. But in a suit in equity, the doctrine is far otherwise. A bill will lie for an injunction, if the patent right is admitted or has been established, upon well grounded proof of an apprehended intention of the defendant to violate the patent right. A bill, quia timet, is an ordinary remedial process in equity. Now, the injunction already granted (supposing both patents to be for the same invention) is prima facie evidence of an intended violation, if not of an actual violation. And the affidavit of James N. Buffum is very strong and direct evidence to this same effect.

But the most material objection taken is, that the new patent is not for the same invention as that which has been surrendered, And certainly, if this be correct, there is a fatal objection to the prolongation of the injunction. But is the objection well founded in point of fact? It is said, that the present patent is for a combination only, and that the old patent was for a combination and something more, or different. But I apprehend that, upon the face of the present patent, the question is scarcely open for the consideration of the court; and, at all events, certainly not open in this stage of the cause. I have already, in another cause, had occasion to decide, that where the commissioner of patents accepts a surrender of an old patent and grants a new one, under the act of 1836, c. 357, his decision, being an act expressly confided to him by law, and

dependent upon his judgment, is not re-examinable elsewhere; and that the court must take it to be a lawful exercise of his authority, unless it is apparent upon the very face of the patent, that he has exceeded his authority, and there is a clear repugnancy between the old and the new patent, or the new one has been obtained by collusion between the commissioner and the patentee. Now, upon the face of it, the new patent, in the present case, purports to be for the same invention and none other, that is contained in the old patent. The avowed difference between the new and the old, is, that the specification in the old is defective, and that the defect is intended to be remedied in the new patent. It is upon this very ground, that the old patent was surrendered and the new patent was granted. The claim in the new patent is not of any new invention; but of the old invention more perfectly described and ascertained. It is manifest that, in the first instance, the commissioner was the proper judge whether the invention was the same or not, and whether there was any deficit in the specification or not, by inadvertence, accident, or mistake; and consequently, he must have decided that the combination of machinery claimed in the old patent was, in substance, the same combination and invention claimed and described in the new. My impression is, that at the former trial of the old patent before me, I held the claim substantially (although obscurely worded) to be a claim for the invention of a particular combination of machinery for planing, tonguing, and grooving, and dressing boards, etc.; or, in other words, that it was the claim of an invention of a planing machine or planing apparatus such as he had described in his specification.

It appears to me, therefore, that prima facie, and, at all events, in this stage of the cause, it must be taken to be true, that the new patent is for the same invention as the old patent; and that the only difference is, not in the invention itself, but in the specification of it. In the old, it was defectively described and claimed. In the new, the defects are intended to be remedied. Whether they are effectually remedied is a point not now properly before the court. But as the commissioner of patents has granted the new patent as for the same invention as the old, it does not appear to me, that this court is now at liberty to revise his judgment, or to say, that he has been guilty of an excess of authority, at least (as has been already suggested) not in this stage of the cause; for that would be for the court of itself to assume to decide many matters of fact, as to the specification, and the combination of machinery in both patents, without any adequate means of knowledge or of guarding itself from gross error. For the purpose of the injunction, if for nothing else, I must take the invention to be the same in both

patents, after the commissioner of patents has so decided, by granting the new patent.

Upon the whole, therefore, I do order and direct, that the injunction do stand continued, as to the new patent, stated in the supplemental bill, until the hearing or farther order of the court.

[For other cases involving this patent, see note to Bicknell v. Todd, Case No. 1,389.]