## COMBINED PATENTS CAN CO. *v.* LLOYD.

(*Circuit Court, E. D. Pennsylvania.* January 30, 1882.)

**1. PATENTS—REISSUE—AUTHORITY OF COMMISSIONER.**

The statute of 1870, conferring jurisdiction on the commissioner to reissue any patent invalid by reason of a defective or insufficient specification arising from inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, authorizes the insertion of new claims founded on the original invention, as exhibited by the specifications or drawings, where the claimant uses due diligence in applying for the correction.

**2. SAME—LACHES—ESTOPPEL.**

Where the omission in a patent on account of which a reissue was obtained was apparent on the face of the patent, and must have been immediately discoverable, a delay of nearly 13 years in making the application for the reissue will estop the patentee from claiming thereunder.

**3. SAME—METAL MOULDINGS.**

The above principle applied to a claim under a reissue of a patent for a new and useful improvement in the manufacture of metal mouldings.

Hearing on Pleadings and Proofs.

Bill in equity for injunction against infringement of a patent. The facts are fully stated in the opinion.

*Dickerson & Dickerson,* for complainant.

*Henry Baldwin, Jr.,* for respondent.

BUTLER, D. J. On the thirtieth day of August, 1864, a patent (No. 43,979) issued to August Destuoy for a "new and useful improvement in the manufacture of metal mouldings," in which the claims, (two in number), read as follows:

"(1) The T-shaped metal moulding, made substantially as and for the purpose specified." "(2) The jaws, B, and D, D, either straight or curved, and tool C, constructed and operating substantially as herein set forth, for the purpose of imparting to the mouldings the final touch before they are applied to the article to be ornamented."

On the seventeenth day of April, 1877, the patent was surrendered, and a reissue, (No. 7,609), granted to Herman Miller, with the claims enlarged, and multiplied to four in number,—the third and fourth, (which were new,) reading as follows:

"(3) The combination, with a table having a stationary jaw or angle, of movable jaws operating as shown and described, to compress the bent metal against said stationary jaw." "(4) The combination, with a table having a stationary jaw or angle, and movable jaws as described, of treadles connected with said movable jaws by levers, substantially as and for the purposes here set forth."

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

The complainant, charging infringement, prays for an injunction and account.

The respondent denies the validity of the reissued patent, and the charge of infringement.

As the infringement alleged respects the third claim alone, our attention will be confined to it. This claim, as we have seen, was not embraced in the original patent. That the matter herein described was a part of the invention, as shown by the specifications and drawings, the plaintiff's expert testifies, and the defendant's seems to admit. That additional and enlarged claims may thus be inserted in reissues of patents, under proper circumstances, is too well settled by the decisions to admit of question. The statute of 1870 (which did not materially change the law as previously understood and administered) provides that "whenever any patent is inoperative or invalid, by reason of a defective or insufficient specification, * * * if the error has arisen from inadvertence, accident or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent and payment of the duty required by law, cause a new patent for the same invention, * * * to be issued to the patentee, in accordance with the patentee's corrected description and specification." That this statute authorizes the insertion of new claims, founded on the original invention as exhibited by the specifications or drawings, in reissues, where the omission results from "inadvertence, accident or mistake," and where the claimant has not, by some act or omission, estopped himself from exercising the right to amend, has been uniformly held, not only by the several circuit courts, but by the supreme court also. In *Seymour* v. *Osborne*, 11 Wall. 516, the latter court said:

"Power is unquestionably conferred upon the commissioner to allow the specifications to be amended if the patent is inoperative or invalid; and, in that event, to issue the patent in proper form, and he may under that authority allow the patentee to redescribe his invention, and to include in the description and claims of the patent not only what was well described before, but whatever else was suggested or substantially indicated in the specifications or drawings, which properly belonged to the invention as actually made and perfected."

The reissue there involved, it is true, antedated the statute now in force, but, as respects the question here involved, this is unimportant, as before indicated. In the last cases in which this subject is discussed, (*Miller* v. *Brass Co.*, and *James* v. *Campbell*, very

recently decided, and not yet reported,) the right to insert new and enlarged claims is clearly stated. In the first of these cases the court says:

"If a patentee, who has no corrections to suggest in his specifications, except to make his claims broader and more comprehensive, uses due diligence in returning to the patent-office, and says, 'I omitted this,' or 'My solicitor omitted that,' his application may be entertained, and, on proper showing, correction may be made."

And again:

"Whilst as before stated, we do not deny that a claim may be enlarged in a reissued patent, we are of opinion that this can only be done where an actual mistake has occurred, * * * a real *bona fide* mistake, inadvertently committed, such as a court of chancery, in cases within its ordinary jurisdiction, would correct. Reissues for the enlargement of claims should be the exception."

In the last of these cases it is said:

"Of course, if by actual inadvertence, accident or mistake, innocently committed, the claim does not fully assert or define the patentee's right in the invention, specified in the patent, a speedy application for its correction, before adverse rights have accrued, may be granted, as we have explained in the recent case of *Miller* v. *Brass Co.*"

The question whether a patent is "inoperative or invalid, by reason of defective or insufficient description or specification," and whether such defect has arisen by "inadvertence, accident, or mistake and without any fraudulent or deceptive intention," appears from the decisions of the court to be submitted finally to the judgment of the commissioner, wherever the circumstances bring it within the jurisdiction conferred upon him by the statute. It is so stated by Mr. Curtis, (Curtis Law of Patents, 282, 282*a*, 282*b*,) who cites *Stimson* v. *Railroad Co.* 4 How. 380; *Woodworth* v. *Stone*, 3 Story, 749, 753; *Allen* v. *Blunt*, 3 Story, 742; *Jordan* v. *Dobson*, 2 Abb. (U. S.) 308; *Rubber Co.* v. *Goodyear*, 7 Wall. 788, and other cases, in support of the proposition; and it has been so understood by the circuit courts, in which it has been repeatedly announced and followed. While the language of the supreme court has on several occasions, exhibited a feeling of restiveness, in view of the abuses which have grown out of the exercise of the extensive powers accorded to the commissioner, no *decision*, we believe, has yet been announced inconsistent with the understanding and practice just stated. Where the additional matter claimed, however, does not appear by reference to the patent or contemporary records, to be embraced in the invention, or where it plainly appears by such refer-

ence that the alleged omission "*could not* have occurred through inadvertence or mistake," as said by the court in *James* v. *Campbell,* the case is not within the jurisdiction of the commissioner, and a reissue for additional claims may be declared void.   Such, however, is not the case before us.

We are thus brought to the inquiry previously suggested, was the patentee estopped by delay and acquiescence from claiming correction of his patent, by means of the reissue obtained?   Nearly 13 years elapsed before his application was made.   If the matters described in the additional claims were a part of the original invention, (as has been conceded,) and were omitted through "inadvertence, accident or mistake," it is impossible to believe that he did not discover the omission much earlier.   In the language of the court in *Miller* v. *Brass Co.*, it plainly appeared on the face of his patent, and must have been seen on opening the paper.   The patentee knew what he had invented; must necessarily have understood its scope and extent. He may not have comprehended all the *uses* to which it might eventually be applied.   But to secure a different use simply does not require a different or additional claim.   What he did not claim, he must be regarded, in view of his subsequent conduct, as intending to dedicate to the public.   He cannot, therefore, after others have acted upon what he thus did, be allowed to change position, and thereby suppress their enterprises and destroy their business.   This application of the equitable doctrine of estoppel has more than once been suggested by the supreme court, and is announced and applied in *Miller* v. *Brass Co.*, above cited.   Every word there uttered relating to this question is as applicable here as it was there.   The court says :

"The only mistake suggested is that the claim was not as broad as it might have been.   This, if it was a mistake,  *  *.  *  and if any correction was desired, should have been applied for without delay.   The pretence that it was inadvertence or oversight, which had escaped the patentee's notice for 15 years, is too bald for human, credence.  *  *  *  It must be remembered that the claim of a specific device or combination, and an omission to claim other devices or combinations, apparent on the face of the patent, are in law a dedication to the public of that which is not claimed.   It is a declaration that that which is not claimed is either not the patentee's invention, or, if his, he dedicates it to the public.   This legal effect of the patent cannot be revoked, unless the patentee surrenders it, and proves that the specification was framed in inadvertence, accident or mistake, without any fraudulent or deceptive intention on his part; and this should be done with all due diligence and speed.   Any unnecessary laches or delay in a matter thus apparent on the record affects the right to alter or reissue the patent for such cause.   If two

years' public enjoyment of an invention, with the consent and allowance of the inventor, is evidence of abandonment, and a bar to an application for a patent, a public disclaimer in the patent itself, should be construed equally favorable to the public. Nothing but a clear mistake or inadvertence, and a speedy application for its correction, is admissible when it is sought to enlarge the claim."

The bill must, for the foregoing reasons, be dismissed, with costs, and a decree may be prepared accordingly.

McKENNAN, C. J., concurred.

*Reported by Frank P. Prichard, Esq., of the Philadelphia bar.