## SHERMAN *v.* NUTT.

*(Circuit Court, D. Connecticut. May 23, 1888.)*

PATENTS FOR INVENTIONS—THREATENED INFRINGEMENT—INJUNCTION.

Under Rev. St. U. S. § 4921, providing that "the several courts vested with jurisdiction of cases arising under the patent laws shall have power to grant injunctions, according to the course and principles of courts of equity, to prevent the violation of any right secured by patent," a bill in equity will lie in the circuit court between parties who are residents of the same state to prevent an anticipated infringement of a patent, no infringement having actually occurred.

In Equity. On demurrer to bill.

Suit brought by George B. Sherman against Joseph Nutt to restrain infringement of a patent.

*Wm. Edgar Simonds,* for plaintiff.

*Morris W. Seymour,* for defendant.

SHIPMAN, J. This is a general demurrer to a bill in equity for an injunction against the infringement of letters patent, which are owned by the plaintiff. The patent is for an improvement which was jointly invented by the plaintiff and defendant, who made joint application for a patent. Pending the application, the defendant assigned to the plaintiff all his interest in said invention and said patent. The parties are citizens of this state. The bill alleges that the defendant is now constructing, in this state, a machine, with full intent to use the same, in infringement of said patent, and it is infringing and will infringe upon

the plaintiff's exclusive rights thereunder. The demurrer is upon the ground—it being admitted that this court has jurisdiction of the cause only by reason of its subject-matter, and that the jurisdiction of the court is such only as is authorized or conferred by the statutes of the United States,—that a bill in equity, in the circuit court, between parties who are residents of the same state will not lie to prevent an anticipated infringement, no infringement having actually occurred. Section 4921 of the Revised Statutes provides that "the several courts vested with jurisdiction of cases arising under the patent laws shall have power to grant injunctions according to the course and principles of courts of equity, to prevent the violation of any right secured by patent." In my opinion the suit is one arising under the patent laws of the United States, and is properly brought. "The case is not like that of an action at law for the breach of a patent, to support which it is indispensable to establish a breach before the suit was brought." "A bill will lie for an injunction if the patent right is admitted, or has been established, upon well-grounded proof of an apprehended intention to violate the patent right." *Woodworth* v. *Stone*, 3 Story, 749. The same doctrine is declared in *Poppenhusen* v. *Comb Co.*, 4 Blatchf. 184.

The demurrer is overruled.