## WOLLENSAK *v.* REIHER.[1]

*(Circuit Court, N. D., Illinois.* July 26, 1886.)

PATENTS FOR INVENTIONS—SET-SCREWS.
Letters patent No. 278,759, of June 5, 1883, to John F. Wollensak, for an improved set-screw, sustained, and found infringed.

In Equity.
*Banning & Banning,* for complainant.
*Chas. T. Brown,* for defendant.

BLODGETT, J. This is a bill for an injunction and accounting by reason of the alleged infringement of patent No. 278,759, granted June 5, 1883, to the complainant for an improved set-screw. The scope and object of the invention is set out in the specifications as follows: "My invention relates to that class of screws known as 'set' or 'thumb' screws, and its object is the providing of means to prevent that portion of the screw which is operated on by hand from becoming detached and lost; and the improvement consists in attaching a lug to the male screw, so that, after the male screw enters the female screw, this lug or spur is bent downward to a position where it will engage upon a lug or nib upon the outer shell of the female screw, whereby the male screw can only be turned until this lug or spur comes in engagement upon that on the outer shell of the female screw. The claims of the patent are:

"(1) A set-screw, consisting of a male and female screw, provided with lugs designed to prevent their entire separation, substantially as described. (2) The male screw, A, provided with a lug, *a'*, in combination with the female screw, B, provided with a lug, *b*, substantially as described, and for the purpose set forth."

The chief, if not the only, use to which the invention has so far been applied, has been to fasten the lifting rod of a transom, so as to hold the transom open or closed, the lugs described preventing the set-screw from being removed by a child or other person who might meddle with it. Defendant admits that he has made and used thumbscrews constructed substantially as described in the patent, but insists that he ceased doing so immediately after this suit was commenced. As there is no evidence in the case showing, or tending to show, that this device is not both new and useful, and the infringement is clearly made out, there must be a decree for an accounting and injunction in favor of complainant.

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.