## BURRELL *et al.* v. HACKLEY.

*(Circuit Court, N. D New York. August 9, 1888.)*

1. PATENTS FOR INVENTIONS—ACTIONS FOR INFRINGEMENT—PENDING SURREN. DER.

A party who has surrendered his patent for reissue as inoperative or invalid, cannot maintain an action upon it while it is in the hands of the commissioner of patents awaiting his decision, although Rev. St. U. S. provides that the "surrender shall take effect upon the issue of the amended patent."

2. EQUITY—PLEADING—FAILURE TO REPLY TO PLEA.

Setting down a plea for argument, without a replication, admits its truth, but denies its sufficiency.

In Equity. Action for infringement of patent.

This is an equity action for infringement, brought by David H. Burrell and others against Arthur C. Hackley. The bill is founded upon three letters patent, one of which, No. 166,353, is for an improvement in veneer-cutting machines. To that portion of the bill relating to this patent the defendant has interposed a plea alleging that on the 7th of February, 1876, the then owners, having made the necessary oath that it was inoperative or invalid, surrendered the patent for reissue; that such application had not, at the time of the commencement of this suit, been abandoned, but was pending and undetermined; that the patent had not been surrendered to the applicants, or to any one claiming under them, and no request for a return had been made of the commissioner. The plea asserts that by reason of the surrender, oath, and pending application for reissue, the complainants, when this suit was commenced, had no right, authority, or power to enforce the patent, or to maintain this bill of complaint. No replication was filed, and the plea was set down for argument.

*George W. Hey* and *Hey & Gibbs*, for complainants.
*C. H. Duell* and *Cookinham & Sherman*, for defendants.

COXE, J. Nothing is before the court but the bill and plea, and all the allegations of the latter are admitted. The rule in this regard is well settled. By replying to a plea the complainant denies its truth,

but admits its sufficiency; by setting it down for argument he admits its truth, but denies its sufficiency. In this case the complainants have chosen the latter course. They have admitted the facts, and have, in legal effect, demurred to the plea. *Rhode Island* v. *Massachusetts*, 14 Pet. 210; *Myers* v. *Dorr*, 13 Blatchf. 22; *Birdseye* v. *Heilner*, 26 Fed. Rep. 147; *Cottle* v. *Krementz*, 25 Fed. Rep. 494; *Korn* v. *Wiebusch*, 33 Fed. Rep. 50; *Newton* v. *Thayer*, 17 Pick. 129; Walk. Pat. § 590; Story, Eq. Pl. § 697. The counsel for the complainants has, apparently, overlooked this rule. In contending that an examination of the file-wrapper will show an abandoned application and a return of the patent, he is unmindful of the fact that the complainants have expressly admitted that the proceedings are still pending, and that the patent is now in the possession and under the control of the commissioner.

The simple question presented by the plea is this: Can a party who has surrendered his patent for reissue as inoperative or invalid maintain an action upon it while it is in the hands of the commissioner of patents, awaiting his decision? It is thought that he cannot. No controlling authority has been produced by the counsel or found by the court. But the reasoning of the opinions delivered in causes decided prior to the act of 1870 are all in support of the view here taken. *Peck* v. *Collins*, 103 U. S. 660; *Moffitt* v. *Gaar*, 1 Fish. Pat. Cas. 610, affirmed, 1 Black, 273; *Forbes* v. *Stove Co.*, 2 Cliff. 385. It is true that under the present law the "surrender shall take effect upon the issue of the amended patent." Rev. St. § 4916. But this language should not be construed to mean that the *status* of the original patent undergoes no change after its return to the commissioner. To permit the patentee to surrender his patent as inoperative or invalid, and the next day commence an action upon it as a valid instrument, would lead to endless confusion and inconsistencies. The reissue may be granted, and all prior right of action be superseded. The patentees may have a contingent right of action depending upon the happening of some future event, but it is suspended during the time the commissioner retains jurisdiction upon the question of reissue. Having surrendered the patent, and having declared it to be inoperative or invalid, it is incumbent upon the patentee to present some proof that he has resumed control over it. The plea is allowed.