## CALIFORNIA ELECTRICAL WORKS v. HENZEL.

(*Circuit Court, N. D. California.* December 7, 1891.)

1. PATENTS FOR INVENTIONS — CONSTRUCTION OF CLAIM — ELECTRIC-LIGHTING GAS-BURNERS.

   In letters patent No. 230,590, issued July 27, 1880, to George F. Pinkham, as assignee of Jacob P. Tirrell, the claim is for, "in an electric-lighting gas-burner, a magnet for turning the gas-cock by one electric impulse, combined with a fixed electrode, *a'*, and a movable electrode, *c'*, normally in contact, and mechanism connecting the armature with the movable electrode, to break the contact between *a'* and *c'* the instant after the gas is turned on, and create a spark for ignition, substantially as described." In the drawings *a'* designated a platinum point on the fixed arm, and *c'* a small bent arm normally in contact with the fixed electrode. *Held,* that the word "electrode" generally, and especially as used in the patent, means the platinum or other metal points constituting the poles of the circuit.

2. SAME — INFRINGEMENT.

   The mechanism being otherwise substantially the same, the fact that defendant's apparatus has a horizontal armature, which moves in a vertical direction, while the patented apparatus has a vertical armature, which moves in a horizontal direction, does not prevent infringement.

3. SAME — PAST INFRINGEMENTS — EQUITY JURISDICTION.

   When a patent has been assigned, together with all claims for past infringements, the fact that a person sued by the assignee has not sold any of the infringing articles since the assignment, and testifies that he intends to sell no more, is not sufficient to exclude equitable jurisdiction, when it appears that he still has them in stock, and has published a catalogue offering them for sale, and that in his answer he asserts a right to sell them.

In Equity. Suit by the California Electrical Works against George L. Henzel for infringement of patent. Decree for injunction and an accounting.

*Langhorne & Miller,* for complainant.

*Wheaton, Kalloch & Kierce,* for defendant.

HAWLEY, J. This is a suit in equity for the infringement of letters patent No. 230,590, granted to George F. Pinkham, as the assignee of Jacob P. Tirrell, on July 27, 1880, for electric gas-lighting apparatus. Complainant is a territorial grantee of all rights under the patent for the state of California. Defendant claims that the patent is void, because the bill of complaint alleges that it was issued upon the joint application of the inventor and his assignee. It affirmatively appears by the letters patent that Jacob P. Tirrell, the inventor, made the application for the patent, and that, having assigned his right, title, and interest to George F. Pinkham, the letters were granted to said Pinkham. Complainant was allowed to amend his bill so as to conform to the proofs in this respect. This obviates the necessity of investigating or deciding the question whether an application for letters patent can be legally made jointly by the inventor and the assignee.

Defendant claims that the bill should be dismissed because the only infringement shown was committed before the assignment to the complainant, and that, inasmuch as there is a plain, speedy, and adequate remedy at law, equity has no jurisdiction. The question whether an injunction should be issued in such cases depends upon the facts presented in each particular case. Section 723, Rev. St. U. S., provides

that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law." It is well settled that a bill in equity for a naked account of profits and damages against an infringer of a patent cannot be sustained. *Root* v. *Railway Co.*, 105 U. S. 189; *Hayward* v. *Andrews*, 106 U. S. 672, 1 Sup. Ct. Rep. 544. In order to sustain the jurisdiction in equity, it must affirmatively appear that some ground of equitable jurisdiction· exists, or that complainant has not a complete remedy at law for the wrongs complained of. What are the facts? It appears from the evidence that from January 11, 1881, until March 24, 1888, the California Electric Gas-Lighting Company held and owned the patent in question; that on the said 24th of March, 1888, it assigned and sold to complainant the said letters patent, "together with any and all claims, demands, and causes of action for past infringement upon said patent," etc.; that defendant is a dealer in electrical supplies, and had been so engaged for a period of over eight years; that prior to the month of March, 1888, he had sold a number of burners of the character and kind claimed to be an infringement of complainant's patent; that he has not sold any since February, 1888, and he testifies that he has not intended selling any more of them since the 1st day of February, 1888; that he still has on hand some of the burners capable of being used at any time; that he has published a catalogue, and still has it on hand for circulation, offering said burners to the public; and asserts in his answer that he has the right to sell them.

The assignment to complainant is sufficient to authorize it to recover its claim for profits and for damages for past infringements prior to the time of its ownership of the patent. In *Packer Co.* v. *Eaton*, which was a suit in equity to restrain defendants from further infringement, this precise question was passed upon. SHIPMAN, J., in the course of his opinion, said:

"The infringement took place in this district in the year 1878, while the Martin patent was owned by H. H. Doubleday, who assigned it to the plaintiff on April 4, 1879; and on June 10, 1879, also assigned to the plaintiff all his right, title, and interest in and to any claims for past infringements of said patent within and throughout the state of Connecticut. * * * The plaintiff, when the suit was commenced, owned the patent, and owned the entire interest in the claim for profits and damages which is here sought to be recovered, and has a right, by virtue of such ownership, to recover in this suit the profits and damages for infringements committed in this district before it owned the patent." 12 Fed. Rep. 870.

Defendant's prior infringement, taken in connection with the fact that he still has some of the infringing burners on hand and advertises them in his catalogue, is sufficient to sustain complainant's right to equitable relief, notwithstanding the fact that he has not sold any of them, and states that it has not been his intention to sell any, since February, 1888. In *Celluloid Manuf'g Co.* v. *Arlington Manuf'g Co.*, the defendant claimed that it had ceased to infringe before the bill was filed, and asserted that it did not intend to renew the use of the infringing machine. WALES, J., said:

"It still continues in possession of all the contrivances and appliances to enable it to violate the patent, but promises not to use them for that purpose. This is a naked and unsupported promise. The practice of the courts in such cases is well settled. In *Woodworth* v. *Stone*, 3 Story, 749, it was decided that a bill for an injunction will lie, if the patent-right is admitted or has been established, without an established breach, upon well-grounded proof of an apprehended intention, on the part of the defendant, to violate the plaintiff's right. *A fortiori* should an injunction issue where, as in the present case, the defendant has already infringed, and nothing but a mere promise stands in the way of its doing so again." 34 Fed. Rep. 324.

To the same effect see Walk. Pat. §§ 676, 701; 3 Rob. Pat. § 1191; *American Bell Tel. Co.* v. *Globe Tel. Co.*, 31 Fed. Rep. 732.

Defendant contends that no infringement has been proven. The specification in the patent states that—

"The invention relates to apparatus for lighting gas by electricity in which the gas-cock is opened and closed by electric action upon a mechanical device connecting with such cock and a battery, and in which are employed, in combination with a burner, a stationary metallic arm terminating in a platinum or other metallic point in near proximity to the orifice in the burner, this arm or electrode being fixed to the burner, and insulated from it, and connected to one pole of a battery and a movable arm or electrode, which is connected to the other pole of the battery, and pivoted or otherwise connected to the burner, in such manner as, when vibrated, to make and break circuit with the latter, and produce a spark to ignite the gas. In this apparatus I employ two electro-magnets, and a vertically arranged vibrating armature, connected with the gas-cock, and arranged between the magnets, in combination with a movable and a fixed electrode, the latter being secured rigidly to and insulated from the body of the burner, and is connected with a button wired to an electric battery, while the burner itself is connected with the opposite magnet and a battery by a button, thereby making connection with the movable electrode; the whole being so arranged that the movement of the armature, when attracted to one magnet, which is charged from the battery by a pressure upon its button, serves to open the gas-cock, and when attracted to the opposite magnet, by depolarizing the first and charging the second by pressure upon its button, the cock is closed, while, as long as the first magnet remains charged by the pressure upon its knob, the movable electrode vibrates with rapid intermissions, and certain lighting of the gas is thereby insured. My present improvements consist in the employment of a horizontal swinging arm attached to the lower end of the vertical gas-cock, this arm being forked, and straddling an upright bar erected upon the top of a vibrating armature, disposed between two pairs of electro-magnets, and caused to vibrate by the closing and opening of an electro-circuit from a suitable battery, the vibration of the armature effecting reciprocation of the lever and cock. My invention also consists in connecting the armature with the lower end of the movable electrode or arm in such manner that, as the armature moves in one direction and opens the cock, it causes the movable electrode to separate from the fixed and insulated electrode, thus breaking the electric circuit, and producing a spark to light the gas; while a reverse movement of the armature closes the cock, and allows the movable arm to return by the stress of a spring, and make contact with the fixed arm."

Then follow certain specified details of construction, wherein reference is made to the drawings accompanying the specification.

The claim of the patent alleged to be infringed reads as follows:

"(1) In an electric-lighting gas-burner, a magnet for turning the gas-cock by one electric impulse, combined with a fixed electrode, $a'$, and a movable electrode $c'$, normally in contact, and mechanism connecting the armature with the movable electrode, to break the contact between $a'$ and $c'$ the instant after the gas is turned on, and create a spark for ignition, substantially as described."

The claim sued upon is a combination claim, and defendant's contention is that the burner of defendant does not have one of the elements of the patented burner, in this: that in defendant's burner the armature strikes the movable electrode by direct contact without any "mechanism connecting the armature with the movable electrode." In the catalogue defendant specifies that his burner—

"Contains two electro-magnets, one on either side of the gas-way, which govern an armature by a lever, so that, when an electric current is established through one magnet, the armature is attracted to that magnet, and the lever turns the stop-cock and lets on the gas. At the same instant the armature comes in contact with the breaking lever, the electric circuit is broken at the burner tip, and the emitting sparks ignite the issuing gas. When a current of electricity is sent into the other magnet the armature is drawn to it, thus shutting off the gas."

This definition, as well as a comparison of the respective exhibits, shows that, while there are some slight differences in the construction of the two burners, their operation and effect are substantially the same. The defendant's contention is that the electrodes of the patent are not merely the platinum or other metallic points at their upper ends, but they are the entire shaft, of which the metallic point is only a small part; and the defendant's burner shows that the armature comes in direct contact with the lower end of the movable electrode without any connecting mechanism of any nature or kind; and that, inasmuch as that mechanism is one of the elements of the combination of the first claim in the patent burner, the defendant's burner does not infringe. The controversy touching the question under discussion is principally confined to the definition which should be given to the word "electrode," complainant claiming that the movable electrode in defendant's burner consists "of a small platinum point attached to the upper end of a brass stem;" and, if this contention is correct, then there is a " mechanism connecting the movable electrode with the armature." Numerous definitions of the word "electrode" have been cited from the various dictionaries. The Century Dictionary defines it as "a pole of the current from an electric battery, * * * applied generally to the two ends of an open circuit." Webster's International Dictionary gives the following definition: "The path by which electricity is conveyed into or from a solution or other conducting medium; (especially,) the ends of the wires or conductors, leading from the source of electricity, and terminating in the medium traversed by the currents." These definitions seem to support the contention of complainant. All the other definitions agree that electrodes are simply the poles of an open electric circuit, and that the poles are the ends of the two wires, or the points of the wires. But the patent itself is the best evidence as to what is meant by

the word "electrode,"—"combined with a fixed electrode, *a'*, and a movable electrode, *c'*, normally in contact, and mechanism connecting the armature with the movable electrode, to break the contact, *a'* and *c'*, the instant after the gas is turned on." Now, referring to the drawings, it will be seen that *a'* designates the platinum point on the fixed arm, and that *c'* designates a small bent arm, normally in contact with the fixed electrode. From this it appears that complainant is fully justified in calling the two points on the arms the "electrodes," and, applying this definition to the defendant's burner, it is apparent that there is a mechanism connecting the movable electrode with the armature.

The fact that the patented burner has a vertical armature, which moves in a horizontal direction, while the defendant's burner has a horizontal armature, which moves in a vertical direction, does not in any manner tend to support the plea of non-infringement.

In *Electric Co.* v. *Fuller*, which was a suit instituted for the infringement of the first claim of this identical patent against defendant, Fuller, upon a similar burner to the one used by the defendant in this case, COLT, J., said:

"The defendant's apparatus is the same in principle, though its construction differs somewhat from the plaintiff's. The magnets have their cones parallel with the burner, while the magnets in the patent are substantially at right angles thereto. The movable electrode has a vertical movement to break the circuit, while the movable electrode in the patent has a laterally vibrating movement. In defendant's apparatus the armature is horizontal instead of vertical, and the means for breaking the circuit are somewhat different. I am of opinion, however, that the defendant's apparatus embodies the substance of the patented invention, and that changes in the details of construction should not protect them from the charge of infringement. The fact that the main features in the patented apparatus, such as the circuit breaker, single circuit, operating the gas-cock directly by the armature, were old, should not limit the complainant to the exact form of mechanism found in the patent. The patent covers an important improvement in the art of lighting gas by electricity, and it should receive a reasonably broad construction, and those should be held to be infringers who accomplish the same result by substantially the same or equivalent means." 29 Fed. Rep. 517.

Complainant is entitled to a decree for injunction and for an accounting. Let the usual decree be entered.