GENERAL ELECTRIC CO. v. NEW ENGLAND ELECTRIC MFG. CO. et al.

(Circuit Court of Appeals, Second Circuit. February 25, 1904.)

No. 93.

1. EQUITY PLEADING—EFFECT OF SETTING DOWN PLEAS FOR ARGUMENT.

By setting down pleas for argument, a complainant admits the facts, but not the conclusions, pleaded therein.

2. PATENTS—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.

Pleas to a bill in equity for infringement of a patent which in effect admit infringement up to a date a short time prior to the filing of the bill, but allege that on that date defendant ceased manufacturing the infringing article, except to make up material on hand, and that prior to the filing of the bill it wholly abandoned such manufacture and sale, and has since neither made, used, nor sold the invention of the patent, but has made deliveries on contracts of sale previously made only, do not state facts constituting a bar to the suit, since, admitting such facts, the court may in its discretion grant an injunction to restrain a resumption of the infringement or the continued sale of the infringing articles, and require an accounting.

¶ 1. See Equity, vol. 19, Cent. Dig. § 409.

¶ 2. Pleading in patent infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 123 Fed. 310.

Appeal from a decree of the Circuit Court for the Southern District of New York sustaining defendants' pleas and dismissing the bill of the General Electric Company, the complainant.

Samuel Owen Edmonds, for appellants.

Edward P. Payson and Clifton V. Edwards, for the appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The bill is in the usual form, alleging the infringement of letters patent No. 516,844, granted to Alfred Swan, March 20, 1894. The bill was verified October 10, 1902, and was filed December 13, 1902.

The defendants filed pleas which were once amended by leave of the court. As amended the pleas, though not in identical language, allege, in substance, that the defendants made and sold the infringing devices until "August, 1902, at which time, because of the disapproval by underwriters and slight profits, said defendant company abandoned the manufacture thereof and thereafter made up only its remaining receptical stock, and since October 10, 1902, it has not itself or by any agent made any sale of such 'receptacle,' but only completed delivery of 'receptacles' sold as aforesaid, and that long before the bringing of this bill for injunction defendant company had wholly and in good faith ceased to make, use or sell itself or by other said 'receptacles 9,171' and the invention of said Swan patent; and is not threatening and does not intend, now or at any time in the future, to manufacture or sell said receptacles, but has in good faith finally abandoned such manufacture and sale."

By setting the pleas down for argument the complainant has admitted the facts but not the conclusions pleaded therein. Farley v. Kittson, 120 U. S. 303, 314, 7 Sup. Ct. 534, 30 L. Ed. 684; Burrell v. Hackley (C. C.) 35 Fed. 833, and cases cited.

We have, then, the following facts: First. Subsequent to the granting of the Swan patent and until August, 1902, the defendants were engaged in manufacturing and selling devices which infringed the patent. Second. From August, 1902, until October 10, 1902, they ceased manufacturing new receptacles and only made up the stock then on hand. Third. Since October 10, 1902, they have not made any new sales of infringing receptacles but have completed the delivery of receptacles sold prior thereto. Fourth. Prior to the filing of the bill they had wholly ceased to make, use or sell the patented device.

If the pleas be analyzed a little closer it will be observed that defendants, in effect, admit infringement prior to August, 1902. In August of that year they stopped making new receptacles, but admit that from August until October 10th they were engaged in making up the stock on hand. They do not deny that they were selling receptacles during this period. After October 10th, the date of the verification of the bill and two months before it was filed, they ceased to sell but continued to deliver infringing receptacles; and for aught that appears have con-

tinued to deliver and are now delivering said receptacles. The pleas draw a sharp distinction between new sales of the infringing devices and their delivery pursuant to old sales, so that the allegation that defendants ceased, prior to the suit, to make, use or sell the patented device is not at all incompatible with the theory that they have a large stock of infringing devices on hand which they can at any time put on the market. In other words, the defendants seem to be of the opinion that it is not an infringement of the patent to distribute infringing receptacles to their customers provided the contract of sale was made prior to August, 1902.

The pleas do not state a complete bar to the suit. Conceding all their averments to be true the court may retain the case in order to do exact equity between the parties. If the case were at final hearing upon the precise facts now developed the court might, it is true, feel warranted in suspending the injunction, but it would not be compelled to do so. The probability is that it would follow the practice, so frequently adopted, where the defendant admits past infringement and is shown to be in a position where he can at any time resume, namely, issue the injunction. The argument in such circumstances is very simple. If the defendant be honest in his protestations an injunction will do him no harm; if he be dishonest the court should place a strong hand upon him in limine. Chemical Works v. Vice, 14 Blatchf. 179, Fed. Cas. No. 12,136; Wollensak v. Reiher (C. C.) 28 Fed. 427; Celluloid Co. v. Arlington (C. C.) 34 Fed. 324; Sawyer Spindle Co. v. Turner (C. C.) 55 Fed. 979; Electric Works v. Henzel (C. C.) 48 Fed. 375.

The case of Odell v. Stout (C. C.) 22 Fed. 169, does not, in our judgment, sustain the defendants' position. Imprimis, the case was heard at final hearing on pleadings and proofs and not on plea. It appeared that the defendant, prior to the suit, discontinued the manufacture of one type of infringing mill and commenced, and, at the time of the suit, was engaged in the manufacture of another type of infringing mill. The court said of the former mill: "If the complaint were only on account of the manufacture and sale of that mill, the case would not be one for an injunction." The opinion concludes with the following statement: "However, as we find that the defendants in this case are infringers, we think it well to retain the whole case under our control, and the injunction and order for an account may be made to apply to the manufacture and sale of both mills." The remark relied on by the defendants here was made after the court, having heard the entire controversy, was "satisfied that the abandonment was in good faith and final."

In the case at bar no such condition exists. Every averment of fact pleaded may be true and still the defendants may have at all times been delivering infringing receptacles pursuant to contracts previously sold. They may at the present time be manufacturing certain parts of the receptacles to be assembled afterwards by the purchaser, thus making them contributory infringers. They may have a large stock of infringing receptacles on hand and they may, when market conditions improve, change their present purpose and resume the manufacture and sale of the infringing devices. In short, as before stated, the pleas do

not allege facts which are a bar to the action. Admitting all the averments to be true the court at final hearing may conclude to grant an injunction and an accounting.

The decree dismissing the bill is reversed with costs and the cause is remanded to the Circuit Court with instructions to proceed therein as the equity rules require.