SCHNAUFFER v. ASTE.

(Circuit Court, S. D. New York. December 4, 1906.)

1. EQUITY—PLEADING—SETTING DOWN PLEA FOR ARGUMENT.

By setting down a plea for argument, the complainant admits the facts pleaded therein.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Equity, § 409; vol. 38, Patents, § 528.]

2. PATENTS—SUITS FOR INFRINGEMENT—PLEA.

If a plea is to be allowed in a suit for infringement of a patent in any case, it should reduce the issue to a single point, so that, conceding the facts to be as settled by the bill and plea, a full and final determination may be had, and unless it does so, and fully meets the equities of the bill, it will be overruled.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, §§ 521, 523.]

In Equity. Argument on plea interposed by defendant to bill of complaint in a suit for infringement of a patent.

D. A. Usina and Arthur C. Fraser, for complainant.

Lindsay, Kalish & Palmer, for defendant.

RAY, District Judge. By setting down the plea for argument the complainant has admitted the facts pleaded therein. General Electric Company v. N. E. Electric Mfg. Co., 128 Fed. 738, 63 C. C. A. 448; Farley v. Kittson, 120 U. S. 303–314, 7 Sup. Ct. 534, 30 L. Ed. 684; Burrell v. Hackley (C. C.) 35 Fed. 833. If, however, the plea does not go to all the material allegations of the bill, and make a complete defense, and reduce the issue to a single point or question, the plea cannot be sustained. The plea in express terms refuses to confess or acknowledge the validity, or even the existence, of the letters patent alleged, or the assignment thereof. The bill of complaint alleges that defendant has made and sold, or caused to be made and sold, the infringing machine, and that defendant "is preparing yet more extensively to infringe said letters patent." The plea says:

· "It never did manufacture any apparatus embodying the invention of the said patent. It is not threatening to and does not intend, now or at any time in the future, to manufacture, sell, or use any of the alleged infringing machines, and has finally and in good faith ceased to purchase, use, and sell the same, or any other embodiment of the Simis patent, and since May 21, 1906, has purchased machines which it has used and sold from the complainant."

This comes short of saying it has not caused any of such machines to be made, or of saying it is not preparing to cause them to be made. If a plea is to be allowed in a suit for the infringement of a patent in any case—and such practice is of doubtful propriety (Korn v. Wiebusch [C. C.] 33 Fed. 51; Hubbell v. De Land [C. C.] 14 Fed. 471–474; Thresher v. General Electric Co., [C. C.] 143 Fed. 337, 340–341, and cases there cited)—it should reduce the issue to a single point, so that, conceding the facts to be as settled by the bill of complaint and plea, a full and final determination may be had. Here defendant says, in substance:

"I do not admit you have any patent; nor, if you have, do I admit its validity. I do not deny that I have caused machines complained of as infringements to be made, or that I have made extensive preparations to infringe, if your letters patent are valid. I do not deny I am prepared to infringe in the future."

Defendant does say, however:

"Having no knowledge of the alleged patent, I did purchase and sell some of the alleged infringing machines. On receiving notice of the patent I returned the two remaining unsold. I have never made any. I am not threatening to and do not intend, now or in the future, to make, sell, or use any of them. I have in good faith ceased to use, purchase and sell."

Thereupon he says complainant is not entitled to further prosecute the suit for infringement or to a decree for an accounting or for an injunction. I do not see that the equities of the bill are fully met and answered by the plea. Facts are alleged in the bill and not met by the plea which, if proved, will entitle the complainant to an injunction and an accounting as an incident thereto. It seems plain the bill should be retained and a hearing had on full proofs, when the court can make such a decree as the proofs demand. See General Electric Co. v. New England Electric Mfg. Co. et al., 128 Fed. 738, 63 C. C. A. 448.

Defendant may have 30 days from entry of order herein in which to file answer to the bill.