## VACUUM CLEANER CO. v. DUNN.

(Circuit Court, S. D. New York. January 30, 1911.)

**1. PATENTS (§ 271*)—INFRINGEMENT—ACTIONS—PLEAS.**

A plea in an action for infringement of a patent, which seeks to present the defense that the patentee is not the original and sole inventor of the combination set forth in the several claims, presents a defense enumerated as such in Rev. St. § 4920 (U. S. Comp. St. 1901, p. 3394), and must be presented by answer.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 271.*]

**2. PATENTS (§ 271*)—INFRINGEMENT—ACTIONS—PLEAS.**

A plea in an action for infringement of a patent, which attempts to unite two defenses, and where a part of the proposed proof relates to only one of the claims of the patent, is bad, under the rule that a plea, to be good, must present a single issue, which, if decided in favor of defendant, disposes of the action.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 271.*]

In Equity. Suit by the Vacuum Cleaner Company against Elias B. Dunn, doing business under the trade-name of Dunn's Improved Vacuum System. On motion to strike off plea. Granted, with leave to answer.

Timothy D. Merwin, for complainant.

Edwin J. Prindle, for defendant.

COXE, Circuit Judge. Counsel for the defendant asks leave to amend his plea by inserting at the end of the third paragraph the words "and that said Andrew Kenney was not an employee of the said David T. Kenney." This request is granted and the plea may be so amended.

[1] The amended plea seeks, inter alia, to present the defense that the patentee is not the original and sole inventor of the combination set forth in the several claims. This is a defense enumerated as such in section 4920 of the Revised Statutes (U S. Comp. St. 1901, p. 3394) and should be presented by answer.

[2] Again, the plea is bad because it attempts to unite two defenses and part of the proposed proof relates to one only of the claims of the patent. If the issue were joined on the plea and the alleged facts were determined in favor of the defendant, it would not necessarily dispose of the case. A plea to be good should present a single issue which, if decided in favor of the defendant, will dispose of the action. Schnauffer v. Aste (C. C.) 148 Fed. 867; Korn v. Wiebusch (C. C.) 33 Fed. 50; Glucose Co. v. Douglas (C. C.) 145 Fed. 949.

The motion to strike off the plea is granted, the defendant to answer within 20 days from the date of the order.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes