GENENTECH, INC., and Leuven
Research & Development
VZW, Plaintiffs,

v.

The WELLCOME FOUNDATION LIMITED, Wellcome Biotechnology Limited, Burroughs Wellcome Co., BW Manufacturing, Inc., Genetics Institute, Inc., GI Manufacturing, Inc., and Welgen Manufacturing, Inc., Defendants.

Civ. A. No. 88–330–JJF.

United States District Court,
D. Delaware.

July 21, 1993.

Howard M. Handelman, and Richard K. Herrmann, of Bayard Handelman & Murdoch, Wilmington, DE, D. Dennis Allegretti, and Stephen F. Sherry, of Allegretti & Witcoff, Chicago, IL, Stephen Raines, of Genentech, Inc., South San Francisco, CA, for plaintiffs.

Robert H. Richards, III, and Robert W. Whetzel, of Richards Layton & Finger, Wilmington, DE, James H. Wallace, Jr., John B. Wyss, and Craig A. Johnson, of Wiley Rein & Fielding, Washington, DC, Paul A. Holcombe, Jr., and Susan S. Dunn, of the Burroughs Wellcome Co., Research Triangle Park, NC, E. Anthony Figg, and William Enos, of Rothwell Figg Ernst & Kurz, Washington, DC, for Wellcome defendants.

Jeffrey B. Bove, of Connolly Bove Lodge & Hutz, Wilmington, DE, Edward A. Meilman, of Ostrolenk Faber Gerb & Soffen, New York City, James L. Quarles, III, of Hale & Dorr, Washington, DC, for Genetics defendants.

## OPINION

FARNAN, District Judge.

Presently before the Court in this patent action is plaintiffs' motion for a permanent injunction. This action was tried to a jury in 1990 and resulted in a finding that the defendants infringed the plaintiffs' patents. Defendants moved for a judgment notwithstanding the verdict, which the Court denied. *Genentech, Inc. v. Wellcome Foundation Ltd.*, 798 F.Supp. 213 (D.Del.1992). Because the Court finds that a permanent injunction as requested is appropriate, the Court will grant plaintiffs' motion.

In this action there were several defendants, some of whom prosecuted an appeal in the Federal Circuit ("the Genetics defendants"), and others of whom sought but then withdrew an appeal in the Federal Circuit ("the Wellcome defendants"). Plaintiffs have filed this motion for a permanent injunction against the Wellcome defendants.[1]

The Wellcome defendants offer the following four arguments in opposition to the motion for a permanent injunction: First, this Court does not have jurisdiction to enter an injunction due to the appeal pending in the Federal Circuit; Second, the motion is time-barred, and in violation of Rule 59 of the Federal Rules of Civil Procedure; Third, an injunction is inappropriate because the Well-

come defendants have voluntarily ceased infringing the patent and there is little likelihood of future infringement due to the fact that the Wellcome defendants retooled their facilities to render them incapable of infringing the patent; Fourth, the injunction sought is overbroad.

■ Entry of a permanent injunction following a finding of infringement is usually granted. *See, e.g., W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1281 (Fed.Cir.1988); *KSM Fastening Systems v. H.A. Jones Co.*, 776 F.2d 1522, 1524 (Fed.Cir. 1985). "[A]n injunction should issue once infringement has been established unless there is a sufficient reason for denying it." *Garlock, Inc.*, 842 F.2d at 1281 (citing *Windsurfing International, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 (Fed.Cir.), *cert. denied*, 477 U.S. 905, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986), *Trans–World Manufacturing Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1564–65 (Fed.Cir.1984), 8 A. Deller, *Deller's Walker on Patents* § 719 (2d ed. 1973)).

## 1. JURISDICTION

■ Defendants' argument that this Court lacks jurisdiction to enter an injunction against them is without merit. Defendants contend that once they filed their notice of appeal, this Court lost jurisdiction over the matter. A district court loses its jurisdiction over a case upon notice of an appeal, except to take actions in "aid of the appeal or to correct clerical errors." *Leonhard v. United States*, 633 F.2d 599, 600 (2d Cir.1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). The purpose behind this "creature of judicial prudence . . . is to avoid the confusion and inefficiency of two courts considering the same issues simultaneously." *Doyle v. United States*, 721 F.2d 1195, 1197 (9th Cir.1983) (citing *Masalosalo v. Stonewall Insurance Co.*, 718 F.2d 955, 956 (9th Cir.1983)). In this case, the Wellcome defendants voluntarily stipulated to a dismissal of their appeal. (D.I. 449). Thus, the Federal Circuit no longer has jurisdiction over the

---

1. The Wellcome defendants include the following: The Wellcome Foundation Limited, Wellcome Biotechnology Limited, Burroughs Wellcome Co., BW Manufacturing, Inc. and Welgen Manufacturing, Inc.

matter as it pertains to the Wellcome defendants. There is no possibility of confusion and inefficiency from this Court's exercising jurisdiction over the Wellcome defendants in this matter because this Court would be the only court to do so. *See generally* Fed. R.Civ.P. 60 (court has authority to grant relief from judgment or order); *Marshall v. Board of Education, Bergenfield, N.J.,* 575 F.2d 417, 425 (3d Cir.1978) (motion under Rule 60 is not generally a substitute for an appeal). Therefore, the Court concludes it has jurisdiction to enter an injunction against the Wellcome defendants, and entry of a permanent injunction will not interfere with the appeal of the Genetics defendants.

## 2. RULE 59 OF THE FEDERAL RULES OF CIVIL PROCEDURE

■ The Wellcome defendants contend that in order to obtain an injunction plaintiffs were required to file a motion to alter or amend the judgment pursuant to Rule 59. Defendants contend that the failure to file such a motion within ten days of the entry of the judgment here, as required under Rule 59, precludes their present application. Plaintiffs respond that the entry of an injunction at this point will merely provide the relief necessary to give effect to their judgment.

Defendants rely upon *Nickson Industries, Inc. v. Rol Manufacturing Co.,* 847 F.2d 795, 801 & n. 4 (Fed.Cir.1988), in which the Federal Circuit held that it had no power to enter an injunction where the trial court had failed to rule on plaintiff's injunction request, and remanded the case for the district court to grant or deny the request. The Federal Circuit noted that the plaintiff "did not file a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). That motion, *though not required,* would have made the remanded issues reviewable and avoided the imposition of a return visit to a very busy district court." *Id.* at n. 4 (emphasis added). The Court reads *Nickson Industries* to say that the district court could have been alerted by the plaintiff of the failure to rule upon an injunction by way of a Rule 59 motion, not that a Rule 59 motion was the only, or even the proper, method for obtaining injunctive

relief. The Federal Circuit also noted that "it is for that court to determine in the first instance whether an injunction is warranted under 35 U.S.C. § 283." *Id.* at n. 3. Considering the *Nickson Industries* holding in the context of the circumstances presented in this case, the Court concludes the plaintiffs were not required to file a Rule 59 motion in order to request the injunctive relief they now seek.

## 3. NECESSITY OF INJUNCTION IN LIGHT OF DEFENDANTS' CESSATION OF INFRINGEMENT AND CLAIM THAT THEY NO LONGER POSSESS THE CAPABILITY TO INFRINGE

The Wellcome defendants contend that entry of an injunction is unnecessary at this time because they no longer are a threat to infringe. Defendants assert (1) that they have voluntarily ceased infringing; (2) that they have publicly declared their intention to cease engaging in the infringing activity; (3) that they have withdrawn their application seeking Food and Drug Administration ("FDA") approval for marketing the infringing product; and (4) that they have redirected their production facilities towards other efforts, thus significantly reducing their capability to produce the infringing product.

"The fact that the defendant has stopped infringing is generally not a reason for denying an injunction against future infringement unless the evidence is very persuasive that further infringement will not take place." *Garlock, Inc.,* 842 F.2d at 1281–82. "If the defendant be honest in his protestations [that he will not infringe again, then] an injunction will do him no harm; if he be dishonest, the court should place a strong hand upon him...." *Id.* at 1282 (quoting *General Electric Co. v. New England Electric Mfg. Co.,* 128 F. 738 (2d Cir.1904)).

■ The Court is not persuaded by the defendants' assertions. The Wellcome defendants did not voluntarily cease infringing, but only did so as a result of the judgment plaintiffs obtained in this litigation. When the Wellcome defendants withdrew their FDA application, it was without prejudice to refiling in the future. *See* D.I. 458 at B–24.

Further, the plaintiffs claim that the defendants license a company in Japan to produce the infringing product, *see* D.I. 462 at 4, and defendants have not refuted this allegation. Thus, one can conclude that defendants still have the capability to infringe. As noted by the Federal Circuit in *Garlock, Inc.*, the Wellcome defendants will suffer no harm from entry of a permanent injunction prohibiting them from infringing plaintiffs' patent even though they contend that they will not do so in the future.

### 4. OVERBREADTH

The defendants' final contention is that the language of the injunction is too broad and will chill otherwise noninfringing research activity. As the defendants correctly note, an injunction must not be vague or overly broad. *KSM Fastening Systems*, 776 F.2d at 1526. Defendants particularly object to the language of plaintiffs' proposed injunction regarding "any and all" processes in the patent and their "equivalents." Injunctions reaching "any infringing equivalents" have been set aside for failure to satisfy "the specificity and description requirements of Rule 65(d)" of the Federal Rules of Civil Procedure. *Id.* (citing *Square Liner 360°, Inc. v. Chisum*, 691 F.2d 362, 378 (8th Cir. 1982)).

As the Federal Circuit noted in *KSM Fastening Systems*, "[a]n enjoined party is entitled to design around the claims of a patent without the threat of contempt proceedings with respect to every modified device although he bears the risk that the enjoining court may find changes to be too insubstantial to avoid contempt." *Id.* In the *KSM Fastening* case, the Federal Circuit also held that a contempt citation would be the appropriate remedy in a case concerning a "modified" or "equivalent" device where the differences between the "modified" device and the patented device were "merely colorable." *Id.* at 1526–27. The Court concludes an injunction against infringement necessarily implies an injunction against devices that are a "merely colorable" variation of the patented device, and enjoining the production of "equivalent" or "modified" devices as well as the patented device would be redundant.

Thus, the Court will modify the language proposed by the plaintiffs.

In sum, the Court concludes that plaintiffs are entitled to entry of a permanent injunction against the Wellcome defendants. An appropriate Order will be entered.