Centricut v. Esab Group                  CV-99-039-M    10/23/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Centricut, LLC,
      Plaintiffs

      v.                                    Civil No. 99-039-M
                                            Opinion No. 2003 DNH 179
Esab Group, Inc.,
      Defendants

      v.

Centricut, LLC (New Hampshire)
and Centricut, LLC (Delaware),
      Counterclaim Defendants


                            **O R D E R**


      Before the court are Esab's motions to Amend and/or

Supplement Memorandum Order and Judgment (document no. 86) and

for Entry of Permanent Injunction (document no. 91).  Centricut

objects to both motions.  For the reasons given below, Esab's

motion to amend is granted in part and denied in part, and its

motion for an injunction is granted.


                 **Motion to Amend and/or Supplement**

      In its motion to amend and/or supplement the order and

judgment, Esab seeks additional damages, in the form of lost

profits, as well as prejudgment interest.  In addition to contesting Esab's motion on substantive grounds, Centricut argues that relief should be denied because Esab's motion is untimely.

Timeliness of Esab's motion.  Esab filed a motion pursuant to FED. R. CIV P. 59(e) within ten days after entry of judgment, but that motion failed to comply with LR 7.1(c).  Consequently, Esab was directed, by order dated July 25, 2003, to file a document curing the defect by August 4.  Esab did so.  Centricut argues that the court is without authority to extend Rule 59(e)'s ten-day limit, due to the rule's jurisdictional nature.  However, even if that deadline is not subject to extension (and it probably is), this court may nevertheless grant the relief requested in an untimely Rule 59(e) motion, under its "inherent power to correct errors in its own decrees."  Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 223 (1st Cir. 1994) (citing Jusino v. Zayas, 875 F.2d 986, 989-90 & n.3 (1st Cir. 1989)).  Accordingly, while Esab's failure to strictly comply with LR 7.1(c) could, potentially, have implications with respect to the duration of the appeal period and, ultimately, the jurisdiction of the court of appeals, it does not bar this court

2

from considering the merits of Esab's requests for relief.  See
Air Line Pilots Ass'n, 26 F.3d at 225.


Lost Profits.  According to Esab, Centricut's Silverline
electrode was not a non-infringing substitute within the meaning
of the second element of the Panduit[1] test because the Silverline
was available only for a brief period during the time that
Centricut was infringing Esab's patent.  Due to the lack of a
non-infringing substitute, Esab argues, its patented electrodes
competed with Centricut's infringing electrodes in a two-supplier
market, which makes lost profits the appropriate measure of
damages.  Esab's argument fails for two reasons.  First, while
the market for electrodes may have had only two manufacturers,
Esab and Centricut, it actually had four suppliers, Esab and
Centricut plus the two companies to which Esab sold its
electrodes for resale, American Torch Tip and Zap
Plasmatherm/Thermacut.  Second, the measure of damages employed
in this case is more accurate than either of those typically
used.  Both traditional measures of patent infringement damages –
a reasonable royalty and lost profits – are necessarily

_____

[1] Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575 F.2d
1152, 1156 (6th Cir. 1978).

3

speculative to a degree. Here, however, because Esab itself set the price it was willing to accept from other parties interested in selling its patented electrodes, there exists a very reliable means of establishing the proper award of damages. Accordingly, the court declines to amend the award of damages to reflect lost profits.

Prejudgment interest. Both parties agree that in patent infringement cases, prejudgment interest is typically awarded. See General Motors Corp. v. Devex Corp., 461 U.S. 648, 657 (1983) ("We hold . . . that prejudgment interest should be awarded under [35 U.S.C.] § 284 absent some justification for withholding such an award."). Centricut argues, however, that: (1) Esab waived its claim to prejudgment interest by failing to request it in its proposed findings of fact and conclusions of law; (2) Esab is not entitled to prejudgment interest because of its undue delay in prosecuting its infringement claim; and (3) even if Esab is entitled to prejudgment interest, it has not shown good cause for using an interest rate other than the weekly average one-year constant maturity treasury yield, nor has it shown good cause for awarding compound rather than simple interest.

4

Esab did not waive its claim to prejudgment interest. "[P]rejudgment interest [is] the rule, not the exception." Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc., 246 F.3d 1336, 1361 (Fed. Cir. 2001). Yet, despite that "default" rule, Esab did specifically seek prejudgment interest in its counterclaim. (Def.'s Answer & Countercl. at 7). Thus, Esab was entitled to presume that the court would award prejudgment interest as a matter of course should it prevail. Centricut's request for findings of fact and rulings of law, by contrast, did not offer any justification for making an exception to the general rule that prejudgment interest should be awarded in patent infringement cases. Moreover, unlike the patent holder in Crystal Semiconductor, who did not even contact the infringer until two years after it had determined that there was infringement, see 246 F.3d at 1362, Esab contacted Centricut promptly after it determined Centricut was infringing, and filed suit approximately one year after that first contact. In other words, unlike the situation in Crystal Semiconductor, this case does not present the sort of undue delay in prosecution that would justify a denial of prejudgment interest. Esab is entitled to the statutory rate of interest; nothing counsels persuasively

5

in favor of awarding any other amount.  <u>See</u> 28 U.S.C. § 1961.
Accordingly, Esab is entitled to prejudgment interest on its
damage award, at the statutory rate, "from the date of
infringement to the date of payment."  <u>Bio-Rad Labs., Inc. v.
Nicolet Instr. Corp.</u> 807 F.2d 964, 967 (Fed. Cir. 1986)
(citations omitted).  To that extent only, Esab's motion to amend
and/or supplement the order and judgment is granted.

## Motion for an Injunction

Esab also moves for a permanent injunction against any
further infringement by Centricut.  Centricut counters that
Esab's motion is both moot (because Centricut has ceased its
infringing activities) and untimely (because it was filed
substantially after the ten-day limit stated in Rule 59(e)).

While Esab's motion purports to be filed pursuant to 35
U.S.C. § 283 and FED. R. CIV. P. 65, it is, in reality, another
Rule 59(e) motion.  As such, it is untimely, having been filed
more than ten days after entry of judgment.  However, as with
Esab's request for prejudgment interest, untimeliness is not

6

necessarily a bar to awarding the relief Esab seeks.  See <u>Air</u>

<u>Line Pilots Ass'n</u>, 26 F.3d at 225.


Turning to the merits of Esab's request for an injunction,

"[i]t is the general rule that an injunction will issue when

infringement has been adjudged, absent a sound reason for denying

it."  <u>Richardson v. Suzuki Motor Co.</u>, 868 F.2d 1226, 1247 (Fed.

Cir. 1989) (citing <u>W.L. Gore & Assocs., Inc. v. Garlock, Inc.</u>,

842 F.2d 1275, 1281 (Fed. Cir. 1988)).  Centricut's claim that it

is not now engaged in any infringing activity, even if true, is

not a sound reason for denying Esab an injunction.

> "The fact that the defendant has stopped infringing is
> generally not a reason for denying an injunction
> against future infringement unless the evidence is very
> persuasive that further infringement will not take
> place."  <u>Garlock, Inc.</u>, 842 F.2d at 1281-82.  "If the
> defendant be honest in his protestations [that he will
> not infringe again, then] an injunction will do him no
> harm; if he be dishonest, the court should place a
> strong hand upon him . . . ."  <u>Id.</u> at 1282 (quoting
> <u>General Electric Co. v. New England Electric Mfg. Co.</u>,
> 128 F. 738 (2d Cir. 1904)).

<u>Genentech, Inc. v. Wellcome Found. Ltd.</u>, 826 F. Supp. 828, 830

(D. Del. 1993).  Because Centricut has advanced no sound reason

7

for denying Esab an injunction against future infringement, Esab's request for an injunction is granted.

In addition to opposing Esab's request for an injunction, Centricut objects to the following injunctive language, proposed by Esab: ". . . together with any colorable imitation or equivalent thereof." In Centricut's view, that language is too imprecise. Centricut proposes the following alternative phrase ". . . together with any alteration in the device which is merely colorable and obviously made for the purpose of evading the decree without essential change in the nature of the device."

Neither of the proposed phrases is quite right. Esab's language sweeps too broadly (colorably equivalent electrodes should not be enjoined, but only electrodes that are merely colorably different from the patented electrodes), while Centricut's language introduces an element of intent that is legally unnecessary for a finding of infringement by an equivalent. Accordingly, the injunction to which Esab is entitled is as follows:

Centricut (including its officers, agents, employees, attorneys, and those in active concert or participation with them) shall be, and is hereby enjoined from making, using, selling, offering to sell, or importing into the United States, products encompassed by Claim 1 of the '425 patent or the claim of the '682 patent, until the expiration of said patents or unless or until this injunction is modified or terminated. This prohibition specifically covers Centricut electrode part nos. C10-963, C47-986, C10-966, and C47-886, together with any electrodes which are similarly infringing because they are essentially identical, i.e., equivalent, to the four listed electrodes.

## Conclusion

For the reasons given above, Esab's motion to amend and/or supplement the order and judgment (document no. 86) is granted in part and denied in part, and Esab's motion for a permanent injunction (document no. 91) is granted. The court's July 9, 2003, order (document no. 80) is amended to include an award of prejudgment interest, at the statutory rate, from the time of

infringement to the time of payment. And, Centricut is hereby enjoined as follows:

> **Centricut (including its officers, agents, employees, attorneys, and those in active concert or participation with them) shall be, and is hereby enjoined from making, using, selling, offering to sell, or importing into the United States, products encompassed by Claim 1 of the '425 patent or the claim of the '682 patent, until the expiration of said patents or unless or until this injunction is modified or terminated. This prohibition specifically covers Centricut electrode part nos. C10-963, C47-986, C10-966, and C47-886, together with any electrodes which are similarly infringing because they are essentially identical, _i.e._, equivalent, to the four listed electrodes.**

An amended judgment consistent with this order shall be entered.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 23, 2003

cc:  Edward A. Haffer, Esq.
     Michael J. Bujold, Esq.
     Neal E. Friedman, Esq.
     John R. Hughes, Jr., Esq.
     Blas P. Arroyo, Esq.

10