## Case No. 11,323.

### POTTER et al. v. CROWELL.

[1 Abb. (U. S.) 89; 3 Fish. Pat. Cas. 112.] [1]

Circuit Court, N. D. Ohio. ·Sept., 1866.

### INFRINGEMENT OF PATENT—PRELIMINARY INJUNCTION.

Upon a bill to restrain an infringement of a patent, if it is shown that defendants have formerly been engaged in infringing, the mere fact that since the commencement of the suit they have ceased to do so, and do not threaten to renew their sales, is not an answer to an application for a preliminary injunction to restrain the continuance or renewal of such infringement.

[This was a motion for a provisional injunction to restrain the defendants from infringing letters patent for an "improvement in sewing machines," granted to Allen B. Wilson, November 12, 1850 [No. 7,776], reissued January 22, 1856 [No. 346], and extended for seven years from November 12, 1864.] [2]

Samuel S. Fisher, for the motion.
Mr. Andrews, opposed.

WITHEY, District Judge. Complainants are, by assignment from A. B. Wilson, owners of the right secured to the latter by reissued letters patent, numbered 346, for improvement in the feed motion of sewing machines. They allege in their bill, that defendants infringe their rights by vending for use the "New England Sewing Machine," and apply to the court, by motion, for a temporary injunction to restrain defendants from selling the infringing machine. The defendants have answered, and affidavits are presented by both parties.

The fact is conclusively established, that the New England sewing machine does use the feed motion covered by the Wilson patent. Defendants admit that such machines were kept in their sales room in the city of Cleveland; and, that, as salesmen or agents for the owners, they exhibited, sold, and delivered them to customers of such owners, from time to time, prior and subsequent to the time of commencement of this suit; but that they had no interest whatever in the machines so sold.

Sales made under such circumstances render the persons selling infringers. This is conceded on the argument by defendants' counsel; and see Boyd v. McAlpin [Case No. 1,748]; Bryce v. Dorr [Id. 2,070]; Buck v. Cobb [Id. 2,079].

The principal objection urged against this motion is, that there is now no continuing injury; as, by their answer and proofs, defendants show, that, soon after the bill was filed and served, all the New England sewing machines in their rooms were removed by the owners, Clark & Barker, since which they have sold none; that they do not propose or desire to again engage in such sale, and that they have abandoned the injury complained of. It is claimed that the court will not do what there is no occasion for doing; and that, acting upon the case as it appears on the hearing of the motion, there is no occasion for the exercise of the restraining power of the court.

Let us look at the case as it is presented. The bill alleges the injury to complainants' rights as existing at the time suit was commenced, and for some time previous thereto; that defendants asserted their intention and right to continue it, and that notice had been served upon defendants prior to suit, directing them to desist from further sales of the infringing machine. Under these circumstances, complainants found it necessary to bring suit and apply to the court for protection to their rights. The defendants meet this application by denying in their answer that the New England machine does infringe the Wilson patent, thereby asserting a right to continue the sale of such machines; but say that soon after the bill was filed and served in this cause, Clark & Barker, owners of the New England sewing machine, removed all those machines from defendants' rooms; that defendants have none of them now in their possession, and disclaim any purpose or desire to again engage in selling them.

No compensation has been made or offered to complainants for the injury sustained; it is within the power of defendants to renew the injury, and under their claim of right, it is not impossible that they will change their minds hereafter, if no injunction is granted. Certainly there would be nothing to prevent, and complainants, in that event, would be obliged to renew their motion at any time before final hearing.

And certainly, if the abstract proposition, of no continuing injury at the time of hearing, is a valid objection against this motion, it is not easy to see why a like disclaimer by defendants on a second motion, and renewed abandonment of sales, would not be a second time successful.

Where the injury is not only past, but cannot, from the nature of the case, be renewed or continued, no injunction would be granted, for the well recognized principle should in such case prevail, that past injuries are not in themselves ground for injunction; and because the restraining power of a court of equity can only be invoked, not to remedy injuries already done, but to prevent injury.

Perhaps as safe a criterion of what is to be apprehended from defendants as can be obtained, is to look at that which they have done, and in their answer justify the right to do, rather than to look to the fact of their having discontinued the alleged injury, and their declaration of want of intention of renewing the same. The court is not prepared to say that no occasion for the exercise of its

---

[1] [Reported by Benjamin Vaughan Abbott, Esq., and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 1 Abb. (U. S.) 89, and the statement is from 3 Fish. Pat. Cas. 112.]

[2] [From 3 Fish. Pat. Cas. 112.]

restraining power is shown in this case, when it is apparent that there was such occasion when the suit was commenced; that it has but recently ceased; that it may, if defendants feel disposed, be renewed at any time, and that the complainants claim that they apprehend a continuance of the wrong.

In Woodworth v. Stone [Case No. 18,021]. cited by complainants, Story, J., says: "A bill for an injunction will lie if the patent right is admitted, or has been established, without any established breach, upon the ground of apprehended intention on the part of a defendant to violate the plaintiff's right." The opinion of the court in Sickles v. Mitchell [Id. 12,835], does not sustain the head note of the case. One of the two steamers owned by defendant, and using the plaintiff's patented invention, had been burned, but the other was still employed in navigation, and infringed upon plaintiff's rights by employing his patent; hence there was, at the time of hearing, a continuing injury. Complainants' counsel cited this case as an authority to the point, that it is not a sufficient answer to this motion that the infringement has been discontinued, and is not intended to be resumed, no compensation for the unlawful use having been made. While the head note of that case goes thus far, the opinion of the court does not; as will be seen from an examination of the case.

Nevertheless, upon principle, it seems to the court that the right of protection, which existed when this cause was commenced, ought not to be defeated by anything which has thus far been asserted on behalf of defendants, particularly as no injury can possibly result to defendants, while the allowance of the motion will ensure protection to complainants.

The nature and purposes of an injunction, and the general principles governing courts of equity in granting it, are, in the abstract, as stated and claimed by defendants' counsel; but every case presented to a court for the exercise of its restraining power, must necessarily depend to a great extent upon the peculiar circumstances of the individual case, and the judge must so apply principles as to accomplish the ends of justice and the purposes of jurisdiction. Injunction granted.

[For other cases involving this patent, see note to Potter v. Whitney, Case No. 11,341.]