## SMITH and another *v.* SANDS and another.

*(Circuit Court, W. D. Michigan, S. D.   April 11, 1885.)*

PATENTS FOR INVENTIONS—MANUFACTURE AND SALE OF ONE MACHINE—USE BY PURCHASER—REMEDY OF PATENTEE.

P. manufactured a single machine protected by complainant's patent, and S. bought the machine and continued to use it in his saw-mill for disposing of the saw-dust and refuse of the mill, the purpose for which it was intended. *Held,* that the extent of the injury to complainant was the royalty or proper license for the use of the machine, that he had an adequate remedy by action at law, and that the bill for an injunction and accounting should be dismissed.

In Equity. Demurrer to the bill of complaint.

*Keating & Dickerman*, for complainants, *Edward Taggart*, of counsel.

*A. V. McAlvy*, for defendants.

WITHEY, J. The demurrer filed to the bill of complaint is for the misjoinder of the defendants. At the time of the argument the defendants' counsel was permitted to present, *ore tenus*, the additional ground that the bill fails to state a case for equity jurisdiction. Inasmuch as this last ground of demurrer is believed to be well taken, the question as to a misjoinder will not be considered.

In substance the bill of complaint states that complainants are owners of certain letters patent for machines and devices for burning the saw-dust and refuse of saw-mills, that they have put the machines into practical use, and that the public has long acquiesced in their exclusive right to the same. The defendants, without license or permit, have unlawfully made, or caused to be made, sold, and used infringing machines; particularly that defendant Peters erected one infringing machine about July 15, 1881, and sold the same to defendant Sands, who has ever since used such infringing machine, and that said defendants still continue so to do in defiance of your orators' said rights, whatever that may mean. The bill states that the complainants have been damaged and suffered large loss of profits, to-wit, to the amount of $10,000; that the defendants have been requested to refrain from "such infringement," but they still continue the infringement and wrongful acts aforesaid. The prayer is for an accounting as to profits and damages, and for an injunction.

So far as the matters stated in the bill are well pleaded, the demurrer admits them to be true. Accordingly, it appears that the defendant Peters, by making and selling the infringing machine for use, infringed the exclusive patented rights of the complainant, and so did the defendant Sands by using the infringing machine, and both are undoubtedly liable for the injury in an action at law. But the defendant Peters manufactured but the one machine, which was in July, 1881, more than three years before the bill of complaint was filed, in September, 1884, and there is no claim that he threatens or gives out that he shall repeat the wrongful act by making another. As to him, therefore, no ground exists either for asking or granting an injunction, and the bill of complaint states no ground for entertaining jurisdiction by a court of equity, if there is no cause for an injunction, so far as regards the defendant Peters.

How is it as to the defendant Sands? He bought, and has continued to use, the one infringing machine. It is used only in his saw-mill for disposing of the saw-dust and refuse of the mill; it is not employed in the manufacture of any article or thing for market or for sale, and it is for the interest of complainants that all saw-mills use their patented machines, provided they are paid the price of a license. The extent of their injury for using a single machine in-

fringing their patents is the royalty or a suitable license fee. When once they have been paid the price or value of a license, they have received the full measure of the "actual damage" they suffer for any particular infringing machine used by another, and it is the full remedy they are entitled to, except a court may treble the actual damages if the circumstances justify it. Such damages once recovered would be a bar to a subsequent suit for further damages, no matter how long the infringing machine is used by Sands subsequent to such recovery, because the injury for the particular wrongful act of using the one machine is complete and has by such recovery been fully compensated. The infringement is not one where there is a damaging and constantly increasing competition and loss of profits, and hence there is no irreparable injury to the complainants, and no occasion to exercise the power of an injunction to restrain or prevent a multiplicity of suits. As has been said, complainants by an action at law against the respective defendants can recover full compensation for the infringements. The only wrong done is the non-payment of suitable license money, and the indefinite use by Sands of this same infringing machine will give no right to demand more.

It is conceded that courts of equity have assumed jurisdiction in similar cases as the one presented by this bill of complaint. *Howe* v. *Newton*, 2 Fish. 534, *Morris* v. *Lowell Manuf'g Co.* 3 Fish. 68–70, and *Blake* v. *Greenwood Cemetery*, 3 Bann. & A. 112, are among them. But Justice GRIER, at the circuit, refused an injunction, and intimated very clearly that a court of equity does not have jurisdiction in cases like this one; that the remedy is at law. *Sanders* v. *Logan*, 2 Fish. 167. The bill in that case was dismissed on another ground. Since *Root* v. *Railway Co.* 105 U. S. 189, was decided, in which Mr. Justice MATTHEWS reviews the patent laws and the decisions under them, showing when the remedy is in equity and when the sole remedy is in a court of law, for the infringement of letters patent, no court of equity, it is believed, would assume jurisdiction in a case like this, or in either of the cases cited above.

The demurrer is sustained for the reason stated, that there is no case for equitable jurisdiction under the statements of the bill of complaint.