## FACER *v.* MIDVALE STEEL-WORK Co.

*(Circuit Court, E. D. Pennsylvania.* November 9, 1888.)

1. **PATENTS FOR INVENTIONS — PRIOR STATE OF THE ART — DIES FOR FORGING CAR-WHEEL TIRES.**
   In the application for the plaintiff's patent for dies for forging car-wheel tires the combination of an anvil die having a projecting horn and a hammer die having an extension over the anvil and horn was claimed. This claim was rejected on account of the state of the art, and amended, restricting it to a hammer die having a certain form and extent. *Held* not to be novel, and that the patent was invalid.

2. **SAME—INJUNCTION—DISCONTINUANCE OF INFRINGEMENT.**
   The circuit court has jurisdiction to decree an injunction where the defendants had, previous to suit brought, upon request of plaintiff, discontinued the use of the infringing device.

3. **SAME—INVENTION—MECHANICAL SKILL NOT INVENTION.**
   Where a rectangular hammer die extending over the face and horn of an anvil was old, merely cutting off the two corners of the end extending over the horn, reducing it to a "central projection," involves mechanical skill only, and not invention.

In Equity. Bill to restrain infringement of patent.

One Facer, being the sole owner of a patent issued to himself and one Shaub, brings this suit to restrain the defendant, the Midvale Steel-Work Company, from infringing it. The facts are stated in the opinion.

*Herbert A. Drake*, for plaintiff.

*H. W. Hare Powel*, *Frank P. Pritchard*, and *Wayne MacVeagh*, for respondent.

BUTLER, J. On the 6th day of February, 1883, letters patent were issued to Facer and Shaub for "device for manufacturing car tires." The first claim reads as follows:

"(1) The combination of the hammer die, comprising the main portion, *m*, with central projection, *a*, in front, and the anvil die, B, having a projection, *b*, and flat face, *n*; the projection, *a*, being above the projection, *b*, and the face, *n*, of the anvil die being of substantially the same dimensions as the portion, *m*, of the hammer die, as set forth."

Facer, having acquired the interest of Shaub, sued the defendant for infringing this claim.

The defense set up is, invalidity of the patent, and non-infringement. To sustain the claim it must be confined to the combination stated, with the special form of hammer die described. The prior state of the art and the history of the application, require this. Hammer dies with sides projecting beyond the anvil were old, as also anvil dies with projecting horns. The earliest method of performing the work which the plaintiff's hammer and anvil are intended to accomplish, consisted in the employment of two anvils in succession; the first for forming and punching the bloom, and the second (having a horn) for "becking" it. This method required the metals to be twice heated. All that was necessary to adapt the hammer and the anvil dies just mentioned, to the several processes of forming, punching, and "becking" (and of doing this at one heat) was to place a horn on the anvil die, and increase the size of the hammer die so as to project one of its sides over the horn. Such hammer and anvil dies had been used several years prior to the plaintiff's alleged invention. They were so used at Lewistown, Pa., (where the forming, punching, and "becking" were performed at a single heat,) and are found in Allen's English patent. In the latter, however, the relative difference in size of the upper and lower dies, was produced by diminishing the lower, instead of increasing the upper. This difference is not important. If the anvil thus constructed is too small for profitable use in forming and punching the bloom, (as plaintiff alleges,) the defect would be obviated by simply increasing the size of both dies; to do which would not require the exercise of invention. Hammer dies similar in principle and effect had been used in forging bar steel much earlier. That the bars were straight, and did not involve the use of a horn, is unimportant.

The plaintiff's application for a patent was first made in 1881; and was rejected on reference to Allen's patent. The claim was, in effect, for a combination for an anvil die having a projecting horn with a hammer die having an extension over the anvil and horn. The plaintiff sought to meet the examiner's objections by an argument intended to distinguish the Allen hammer and anvil from his. By reference to this argument it

will be seen to be the same as that now urged upon the court, for the same purpose. Without appealing from the decision, the plaintiff allowed the matter to pass until August, 1882, when he again applied for substantially the same thing, without alluding to the former proceeding. This second application was also rejected. The plaintiff then amended by describing the hammer die projection as limited to the form and dimension now shown in the patent. The claim thus limited was allowed.

It follows, as before stated, that the claim must be confined to a hammer die and projection of the peculiar form and dimensions described, in the combination stated. To enlarge it, as the plaintiff desires, so as to cover all hammer die projections extending over the common anvil (used for forming blooms) and their horns, would give him precisely what the office refused, and what the state of the art clearly shows he should not have. With this construction of the claim, the infringement shown extends only to the short period of time during which the defendant used a die with this peculiar projection. Such use began between the time when the first application was rejected, and ceased soon after the patent was granted. But for this branch of the complaint we might avoid the question whether the patent is valid, even with the limited interpretation stated. As the case stands, however, the question must be decided.

We cannot adopt the defendant's view that for such infringement an injunction cannot issue, and that this court is therefore without jurisdiction in the premises. Discontinuance of the infringement alone would not deprive the plaintiff of a right to an injunction; nor, in our judgment, would any other circumstance shown, if the patent were valid. We believe, however, that the patent is not valid. The plaintiff's own argument in support of his position—that hammer dies with projecting sides covering horns on common anvils (used for forging blooms) are an infringement of his patent—fully sustains this view. He says it is unimportant whether the projection of the hammer die be confined to the center, as described in his claim, or extends the entire length of the sides; that such extension (beyond the limits of his projection) is useless and immaterial, and that therefore hammer dies with such extended projections are substantially like his, and consequently infringe. This, if sound, proves that his limited central projection is substantially like the old hammer die with projecting sides, which were in use, as we have seen, long before his alleged invention. It is sound, but unfortunately, when turned against him, is fatal to his patent. It certainly is unimportant whether the projection extends the whole length of the side or is confined to the center. It is true that the corners do not heat the metal in the latter case, but they increase the weight of the hammer, and add to the force of the blow, without impairing the efficiency of the die in any respect.

If, however, it appeared that the plaintiff's limited projection materially improved the die, no invention could be found in the act of reducing the projection of the old die to such limited dimensions. No more was required than to cut off the corners or ends. Any mechanic famil-

iar with the work in which such dies are employed, would understand how to do it, and would do it as soon as he found the corners objectionable. A decree will therefore be entered dismissing the bill, with costs.