GENERAL ELECTRIC CO. v. NEW ENGLAND ELECTRIC MFG. CO. et al.

(Circuit Court, S. D. New York.   May 1, 1903.)

1. PATENTS—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.

Equity is without jurisdiction of a suit for infringement of a patent where it is shown, by allegations in pleas filed by defendant, the truth of which is admitted by complainant by setting the pleas down for argument, that on learning of the infringement, and before the commencement of the suit, defendant finally and in good faith abandoned the manufacture and sale of the infringing articles, and does not threaten or intend to further infringe.

In Equity.   Suit for infringement of patent.   On pleas to bill filed by defendant company and Schlessinger and Mears, its selling agents.

C. V. Edwards and Edward F. Payson, for the pleas.

S. O. Edmonds, opposed.

PLATT, District Judge.   By setting down a plea for argument, the complainant admits its truth and denies its sufficiency.   Burrell v. Hackley (C. C.) 35 Fed. 833.

There is, then, before the court, the bill and the pleas, with the truth of the facts alleged in the latter admitted.   The bill was filed December 13, 1902, and alleges infringement of the Swan patent, No. 516,844.   The pleas admit that the defendants had made and sold apparatus called "receptacles 9174," which are alleged in the bill to have been infringements; that up to August, 1902, they made and sold them in good faith and without notice; that since October 10, 1902, they have made no sales, and have only completed delivery of receptacles already sold; and that before the bringing of the bill they had wholly and in good faith ceased to make, use, or sell said receptacles and the invention of the Swan patent.

That was the condition of things at the hearing.   Since then the defendant company asks leave to amend its plea by adding what it inadvertently omitted, to wit, "and is not threatening, and does not intend, now or at any time in the future, to manufacture or sell said receptacles, but has in good faith finally abandoned such manufacture and sale."   The amendment simply makes defendant's previous assur-

ance doubly sure—whether allowed or refused, the result will be the same. I think, under the circumstances, however, that it may be filed in advance of this opinion.

It seems useless to discuss whether the pleas do or do not admit that defendants had infringed prior to the bringing of the suit. If they had infringed, but had, after notice, stopped absolutely and in good faith from making, using, or selling, and especially if they never intend to make, use, or sell, again, it is not easy to see how equity can be invoked to aid complainant. Even if it be assumed that defendants have done other very wicked things closely allied hereto, it would be extremely unkind to accuse them of bad faith in the reform which they promise in the plea.

The facts admitted do not seem to compel the court, in sustaining the pleas, to oust itself of jurisdiction. Per contra, if we admit the facts, the conclusion is obvious that equity cannot discover that on December 13, 1902, a situation existed in which she ought to act. If the defendants were then "threatening to continue" infringement, it is clear that equity should intervene; but it would be incumbent upon the complainant to show both threats and infringement. From another point of view, Odell v. Stout (C. C.) 22 Fed. 159, is pertinent. The only distinction suggested is that the position taken by the court in that case was at final hearing, but that is a difference rather than a distinction. This court is satisfied that the abandonment is in good faith and final. Equity is vigilant and clearsighted, and ready to perform each and every function at her command whenever occasion arises. In this matter, however, nothing is at present visible which incites her to action.

Let the bill be dismissed, without costs.