CAYUTA WHEEL & FOUNDRY CO. v. KENNEDY VALVE MFG. CO.

(Circuit Court, S. D. New York. December 18, 1903.)

1. PATENTS—INFRINGEMENT—WAIVER UNDER NEW YORK STATUTE.

Under the city charter (Laws N. Y. 1897, p. 166, c. 378, § 477), which provides that no patent hydrant, valve, or stopcock shall be used by the department of water supply unless the patentee or owner of said patent shall allow its use by said department without royalty, the fact that the owner of a patent for a hydrant made an unsuccessful bid to furnish said hydrants under a contract with the department does not constitute a waiver or abandonment of his rights under the patent in favor of the successful bidder.

2. SAME—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.

That the defendant in a suit for infringement had ceased infringement before the suit was brought does not deprive equity of jurisdiction, where the defendant denies the validity of the patent, and does not set up that he has abandoned the manufacture and sale of the alleged infringing article, and does not intend further infringement.

3. SAME—INFRINGEMENT—HYDRANT.

The Loetzer patent, No. 631,545, for a hydrant, *held* not anticipated as to the combination shown, valid, and infringed.

In Equity. On final hearing.

Julian C. Dowell and Osgood H. Dowell, for plaintiff.

W. P. Preble, Jr., for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 631,545, dated August 22, 1899, and granted to Christian E. Loetzer, for a hydrant, with a very long and complicated specification, and 20 claims, all of which, but the nineteenth, are alleged to have been infringed. The defenses are anticipation, abandonment under a law of New York, noninfringement, and that infringement had wholly ceased before suit brought, leaving the remedy, if any, wholly at law.

The acts of 1897 of the state of New York (Laws 1897, p. 166, c. 378) provides (City Charter, § 477):

"No patent hydrant, valve or stop-cock, shall be used by the department of water supply unless the patentee or owner of said patent shall allow the use of the patent by said department without royalty."

There was a public letting of contract for hydrants by the department of water supply of the city of New York in October, 1900, at which the complainant was a bidder, and the defendant a successful bidder. The infringement alleged is the furnishing of hydrants under that bid to the city of New York. It is claimed by the defendant that this bidding under such a law was a waiver of the plaintiff's rights under the patent of itself, whether it was successful or not, but this does not seem to be a just effect of that action, under this statute. If the plaintiff's bid had been successful, of course all rights under the patent in carrying out the contract would have been waived, but beyond that the law does not seem to have any effect. It would operate to transfer no rights under the patent to anybody but the city.

As to the ceasing of infringement before suit brought, the defendant relies upon General Electric Co. v. The New England Electric Mfg. Co. (C. C.) 123 Fed. 310, where, on a plea that the defendant had wholly ceased and was not threatening and did not intend to further infringe, but had in good faith finally abandoned such manufacture and sale, it was held that the remedy for prior infringement would not be in equity. But in this case the bill is in the usual form for infringement of a patent. The defendant denies validity of the patent, and does not in any way set up that any right to infringe by continuing the manufacture and sale had been abandoned, or that infringement was not further intended. This difference in the pleadings distinguishes this case from the opinion of Judge Platt in the case cited and relied upon.

The 19 claims of the patent in question are for various combinations of elements which go to make up the hydrant as a whole, set forth in many different ways, and the defense as to anticipation goes to show that these elements had been in use in other combinations and different places; but no one of them had the same combination as these claims in a hydrant like that of the plaintiff. The principal of these features that were new with this invention in such a structure, made to operate underground and out of convenient reach, are a centering bevel, a beveled seat or rest, and an interlocking connection, consisting of keys

and keyways. All these contrivances had been used elsewhere, but, when brought together in the combinations of the patent by this inventor, they seem to be new and patentable; and the several of the numerous claims of the patent, which include these things in the combinations of this structure, seem to be patentable here, because they produce a new result in a new place, different from any in which they had been used together at any time by any one before. The patent and the corresponding claims therefore seem to be valid for these new combinations in this place. Without going further into the complicated specification and claims, it seems sufficient to say that the patent and these claims are considered, in view of the whole, to be valid, and to have been infringed.

Decree for the plaintiff.