## KENNICOTT WATER SOFTENER CO. v. BAIN.

(Circuit Court of Appeals, Seventh Circuit. January 10, 1911.)

No. 1,701.

PATENTS (§ 283*)—SUIT FOR INFRINGEMENT—JURISDICTION OF EQUITY.

Injunction is not the appropriate remedy for past infringements of a patent, and should be used only in the prevention of further injury, when further injury is actually threatened; and if a defendant has in good faith ceased infringement before suit brought, which fact the complainant had full opportunity to learn, and the court is satisfied that no further infringement is intended, or reasonably to be apprehended, it may properly refuse an injunction and dismiss the bill.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 448; Dec. Dig. § 283.*

Grounds for denial of preliminary injunctions in patent infringement suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

Appeal from the Circuit Court of the United States for the District of Indiana.

Suit in equity by the Kennicott Water Softener Company against John E. Bain. Decree for defendant, and complainant appeals. Affirmed.

The appeal is from a decree dismissing the bill for want of equity.

The bill was to restrain infringement of letters patent No. 732,357, issued June 30, 1903, to the appellant as assignee of Cass L. Kennicott, for an improvement in Water Purifiers. The facts will be found in the opinion.

P. C. Dyrenforth, for appellant.

Joseph A. Minturn and Frank W. Woerner, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, delivered the opinion.

The bill seems to have been dismissed because it appeared satisfactorily to the trial judge that, at and before the filing of the bill, appellee had, in good faith, ceased the use of the alleged infringing device, of which the appellant had sufficient notice—that, at the time the bill was filed, appellee was not employing the infringing device designated in the bill, or anything that infringed appellant's patent, and had not been for some three months previously—and that there was nothing in the attitude of appellee that justified appellant in believing that the discontinuance was not in good faith. The bill, in our opinion, was properly dismissed.

Applications for injunctions in patent cases are not, in this respect, different from applications for injunctions in equity generally; that is to say, injunction is not the appropriate remedy to procure relief for past injuries, and is to be used only in the prevention of further injury when further injury is actually threatened. High on Injunctions, § 23; General Electric Co. v. New England Mfg. Co. et al. (C. C.) 123 Fed. 310; Odell v. Stout (C. C.) 22 Fed. 159. In Odell

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

v. Stout, supra, concurred in by Mr. Justice Matthews, then of the Supreme Court, Judge Sage used the following language:

"If a defendant has, before suit brought, abandoned the manufacture and sale of the infringing machine, and the Court is satisfied that the abandonment was in good faith and final, the injunction ought to be refused, upon the principles of equity applicable to injunction."

Appellant, however, takes the position that a well-grounded apprehension of infringement may, in a proper case, alone suffice to support a bill quia timet for an injunction, without any established breach; that the patent being valid, the fact of a breach has ordinarily been held sufficient to justify an injunction because of a well-grounded apprehension of a repetition of the infringement; and to sustain this contention cites Woodworth v. Stone, 3 Story, 752, Fed. Cas. No. 18,021; Facer v. Midvale Steel-Work Co. (C. C.) 38 Fed. 231; Celluloid Mfg. Co. v. Arlington Mfg. Co. (C. C.) 34 Fed. 324; Brookfield et al. v. Elmer Glass Works (C. C.) 132 Fed. 312; Sawyer Spindle Co. et al. v. Turner (C. C.) 55 Fed. 979; Kane v. Candy Co. (C. C.) 44 Fed. 287; Matthews & Willard Mfg. Co. v. National Brass & Iron Works (C. C.) 71 Fed. 518; Cayuta Wheel & Foundry Co. v. Kennedy Valve Mfg. Co. (C. C.) 127 Fed. 355; Potter v. Crowell, 3 Fish. Pat. Cas. 112, Fed. Cas. No. 11,323; New York Filter Mfg. Co. v. Chemical Building Co. (C. C.) 93 Fed. 827; Winchester Repeating Arms Co. v. American Buckle & Cartridge Co. (C. C.) 51 Fed. 703; and General Electric Mfg. Co. v. New England Electric Mfg. Co., 128 Fed. 738, 63 C. C. A. 448. From this position, as a proposition of law, we do not dissent.

Indeed, from the respective positions taken by counsel for both parties, there seems to be no question of law involved. The question is a question of fact, viz: assuming that the patent is valid, and that appellee had infringed, and that the infringement had ceased before the bill was filed (a fact clearly proven), did appellant, when the bill was filed, have any well-grounded apprehension that the infringement would be repeated?

Appellant's patent relates to an improvement in an old art. The function of the machine is to soften water. One of these machines was installed in the Standard Oil Company's pipe line station at Montpelier, Indiana, where appellee lived. Appellee conducted a laundry, and some time in May 1907, there was put up and put into operation, in his laundry, a machine embodying the appellant's invention—said machine remaining in operation until the beginning of August of that year. This machine was put up and operated behind closed doors. Early in August of that year, appellant got access to it through a detective, who saw what the machine was, and, thereupon, August 6th, 1907, appellant wrote a letter, demanding that appellee cease infringing. And it is mainly on these facts that appellant argues that, notwithstanding the fact that appellee thereafter did not use appellant's device (appellant says it did not know this fact until the hearing below), it had a well-grounded apprehension that the infringement was continuing and would be repeated.

But there are other facts. In reply to appellant's letter of August 6th, 1907, appellee, on August 10th, 1907, replied as follows:

"In reply to yours of the 6th will say I have not installed a water softener in Ft. Wayne" (appellant had charged him with that in its letter) "and do not think I have infringed on any of your client's letters patent.

"We are applying for patent on our machine and we will mail you the drawings which I think will be a week or ten days. Trusting this will be satisfactory," etc.

Thereupon the specific piece of machinery complained of by appellant was dismantled, and the new machinery put in—machinery confessedly not being an infringement of appellant's patent—a part of the old machinery being used in the assembling of the new.

True, appellant interpreted this correspondence to mean that appellee intended to continue the use of the old machinery, and thereupon declined the drawing proffered, saying that it knew already what the machinery was that appellee was using. But this is an interpretation that the correspondence does not bear; for, had the drawings offered by appellee's letter been accepted, and the machinery of appellee investigated, the exact contrary of this interpretation would have been shown. Had appellant apprised itself of what appellee was really doing, no ground for an injunction would have remained; and the bill not having been actually filed for three months thereafter, appellant had full opportunity to ascertain the facts.

On the one hand, it is said, that appellee set himself down as a conscious infringer by putting the machinery behind closed doors, and as disingenuous, in the letter written, in that he did not disclose, even in that letter, the fact that he was no longer using the machinery that the detective had seen. On the other hand, it is said that appellant, for the specific purpose of getting a well-grounded apprehension that would enable it to maintain this suit in equity, did not wish to know more than it had learned from its detective. And much of the argument is spent on these contentions. Into neither of them, however, need we enter. It is sufficient, to sustain the decree of the court below, that, as a matter of fact, appellee did, in good faith, cease the use of the infringing device, and that appellant had full opportunity to make itself acquainted with this fact before it filed its bill. Whatever rights are left to appellant on this state of facts, must be asserted in a suit at law for damages. No ground exists for the bill in equity.

The decree of the Circuit Court is affirmed.