GOSHEN MFG. CO. v. HUBERT A. MYERS MFG. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. April 14, 1914. Rehearing Denied May 12, 1914.)

No. 2027.

1. PATENTS (§ 282*)—SUITS FOR INFRINGEMENT—EQUITY JURISDICTION.
Damages are recoverable by action at law for infringement of a patent; and, as this remedy is ordinarily adequate, a court of equity is without jurisdiction of a suit to enjoin further infringement, unless such further infringement be either actually threatened or to be reasonably apprehended.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 440, 443; Dec. Dig. § 282.*]

2. PATENTS (§ 282*)—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.
A court of equity held without jurisdiction of a suit for infringement of a patent, where defendant, a corporation, had not only ceased making the alleged infringing article on notice from complainant, but had sold its entire physical property and gone out of business before commencement

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the suit, and no sufficient facts were shown to justify a reasonable apprehension of further infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 440, 443; Dec. Dig. § 282.*]

Appeal from the District Court of the United States for the District of Indiana; Albert B. Anderson, Judge.

Suit in equity by the Goshen Manufacturing Company against the Hubert A. Myers Manufacturing Company and Hubert A. Myers. Decree for defendants, and complainant appeals. Affirmed.

Fred L. Chappell, of Kalamazoo, Mich., for appellant.

V. H. Lockwood, of Indianapolis, Ind., for appellees.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

MACK, Circuit Judge. The first and decisive question raised in this appeal from a decree dismissing a bill in equity after a full hearing is whether a court of equity or a court of law is the proper forum in which to determine complainant's rights.

The bill, filed October 3, 1910, charged that defendants infringed letters patent for hoisting pulleys, No. 876,991, that they "still continue so to do," and that notice thereof and request to desist were given and disregarded. Defendants, after setting up, among other defenses, invalidity of patent and noninfringement, state in their answers that defendant Myers had not been connected with the defendant company in any way, as director, officer, stockholder, or employé, since December, 1909, that defendant company "has not manufactured any hoisting device of any kind whatsoever since the month of October, 1909, and that since the month of March, 1910, this defendant has not sold or had for sale any hoisting devices of any sort whatsoever, and that the complainant had knowledge of these facts prior to the bringing of this suit for an injunction." They further deny that they had avowed any determination to continue to manufacture or sell any such hoisting machines.

[1] It is elementary that for infringement of a patent, as for any trespass, damages are recoverable by action at law; that, as this remedy is ordinarily adequate, a court of equity will not lend its aid to enjoin further infringement, unless such further infringement be either actually threatened or reasonably apprehended. Kennicott Water Softener v. Bain, 185 Fed. 520, 107 C. C. A. 626; Chadeloid Co. v. Jackson, 203 Fed. 993, 122 C. C. A. 293. As this court said in the Bain Case, supra:

"The question is a question of fact, viz.: Assuming that the patent is valid, and that appellee had infringed, and that the infringement had ceased before the bill was filed, * * * did appellant, when the bill was filed, have any well-grounded apprehension that the infringement would be repeated?"

[2] The letters patent in question were applied for in 1906, were issued on January 21, 1908, to one Boyer, complainant's president, as assignee of defendant Myers, and were assigned, together with all

rights of action for infringement, in September, 1910, to complainant, after the action by defendant company against Boyer, hereinafter referred to, had been begun.

In 1907, defendant Myers induced some business men of Warsaw, Ind., to join with him in organizing defendant corporation for the manufacture of swings, ladders, and hay carriers. At that time he showed a hay carrier with a hoisting device, which he stated was an invention different from and superior to that theretofore sold by him to Boyer. In 1908 he applied for letters patent on this hoisting device. They were issued in December, 1909, No. 942,735, and are owned by the defendant company.

This company began manufacturing only ladders and lawn swings. It made its first hay carriers, 25 in number, in the spring of 1908. In the fall of that year it prepared to make 500 more. Three hundred of these were sold that winter and spring; the other 200 were never completed by defendant company, but were disposed of as hereinafter stated. In August, 1909, it contracted to manufacture and sell to one Diedrich 500 additional carriers for the season of 1910.

In October, 1909, however, complainant published a newspaper advertisement and sent direct notice to the defendant company, claiming that its carriers infringed upon the complainant's patent rights. As a result of this notice and the publication of the advertisement, defendant company was unable to obtain additional capital from parties with whom negotiations were then pending, or to secure bank loans, thereby rendering it impossible for it to go on in the business. It settled its contract obligations with Diedrich by permitting him to use its shop and materials to finish up the 200 carriers before referred to. Diedrich shipped these out during the winter; the final shipment being made not later than March, 1910.

In December, 1909, defendant Myers sold all of his stock in the defendant company to the other stockholders, and thereafter had no connection of any kind with it, or with the manufacture, use, or sale of hay carriers. Defendant company neither manufactured nor sold any carriers after the notice of infringement. Its president and general manager notified complainant's president and manager in February, 1910, that it was practically dead. In March, 1910, it sold its entire plant and all of its property, except only the letters patent, No. 942,735. Since then it has been completely out of business and without factory or office. In the latter part of 1909, after the notice of infringement, it had decided not to manufacture any more carriers.

On September 12, 1910, defendant company sued Boyer in the state court for the injury to its business caused by the alleged defamatory advertisement published a year before. This case has been continued from time to time, on application of the defendant therein, because of the pendency of the present litigation. The unsworn complaint, signed only by the attorneys at law, filed in the state court, begins with the allegation:

"That the plaintiff is a corporation duly organized under the laws of the state of Indiana, and is now and has been for more than five years last past engaged in the business of manufacturing hay cars."

The foregoing facts would seem to demonstrate clearly that as to defendant Myers since December, 1909, and as to defendant company since March, 1910, at the latest, no infringement of complainant's rights has been committed or threatened, and, but for three matters to be considered, none could reasonably be apprehended.

Complainant, however, urges that, first, the allegation in the complaint, filed three weeks before the present proceedings were begun, that defendant company "is now engaged in the manufacture of hay cars"; second, the continued ownership by defendant company of the letters patent No. 942,735, under which it claims to have manufactured, and which complainant says are, at best, good only for certain improvements, and therefore unavailable except in connection with its patent rights; and, third, defendant's assertion in this proceeding of the invalidity of complainant's patents and noninfringement—separately and together furnish sufficient ground for apprehension to justify the intervention of a court of equity.

In our judgment, this contention cannot be sustained. The unsworn allegation in the complaint is not one of intent, but of existing fact. It is so completely contradicted by the evidence that it must be deemed to have been an inadvertent, as it was an incorrect, statement by the attorneys, concededly without binding force, and clearly with but slight evidentiary value. The continued ownership of the patent, or even an attempt to sell it, would be but a justifiable exercise of defendant's rights. Whatever the scope of this patent, it belongs to defendant, not to complainant. This ownership, whether retained by defendant or disposed of to another, prevents complainant from adopting the improvement embodied in the patent, and, during the period between the expiration of the two patents, will give the defendant or its successor in title the exclusive right to make the improved carriers.

As to the answer filed in this suit: If, for any reason, the defense of an adequate remedy at law should have failed, the other defenses therein urged of invalidity and noninfringement would have been essential to save defendant both from payment of damages on account of the hay carriers admittedly sold by it and from the dismissal of the action in the state court. Neither separately nor jointly, therefore, do the facts urged by complainant furnish a sufficient basis for any well grounded fear of further infringement; at best they would justify an apprehension that if, in some proper court proceeding, defendant's contentions should ultimately be upheld, it might then, and only then, not unlawfully, however, but legally, resume the hay carrier business.

Complainant brought no such proceedings. Thereupon defendant company endeavored to test its legal rights by the action in the state court. If complainant, for any reason, was dissatisfied with this forum, it could have sued at law in the federal court. Defendant company's contention from the beginning, that an action at law with a jury trial would afford adequate relief if complainant's rights were violated, has been fully sustained by the evidence.

The decree must therefore be affirmed.