MUNGER LAUNDRY CO. v. NATIONAL MARKING MACH. CO.

(Circuit Court of Appeals, Eighth Circuit. July 22, 1918.)

No. 4935.

1. PATENTS ☞283(2)—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.
    Equity is without jurisdiction of a suit for infringement, where defendant had used only one of the alleged infringing machines, had ceased its use and disposed of it months before suit, and did not threaten further use.

2. EQUITY ☞41—WANT OF JURISDICTION—DISMISSAL OF SUIT.
    Where the main ground of equitable jurisdiction is also the main object of the suit, as injunctive relief, and this object fails for want of proof, the case will not be retained to decide an incidental question of law.

Appeal from the District Court of the United States for the Southern District of Iowa; John C. Pollock, Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by the National Marking Machine Company against the Munger Laundry Company. Decree for complainant, and defendant appeals. Reversed.

Henry S. Conrad, of Kansas City, Mo. (Frank P. Sebree, John D. Wendorff, Sam B. Sebree and Richard H. Manning, all of Kansas City, Mo., on the brief), for appellant.

Ralph Orwig, of Des Moines, Iowa (W. P. Bair, of Des Moines, Iowa, on the brief), for appellee.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. This suit was instituted by appellee against appellant for the purpose of enjoining the latter from selling or using the Bunker Laundry Marking Machine constructed pursuant to United States letters patent No. 860,443, issued to C. A. Bunker on July 16, 1907, and manufactured by the Triumph Manufacturing Company. It was claimed by appellee that the above machine infringed a laundry marking machine constructed by it, pursuant to United States letters patent, Nos. 1,059,657 and 968,537, issued to Chester W. Canine, April 22, 1913, and August 30, 1910, respectively. The complaint also prayed for damages and loss of profits. The defendant answered, alleging that appellee's patents were void for want of patentable invention, and pleaded also anticipation and noninfringement. On the issues joined proofs were taken, and the case was subsequently argued and submitted, both on motion to dismiss for want of equity and for final decree on the merits. The trial court dismissed the complaint without prejudice, but, on rehearing, vacated the order of dismissal and rendered a decree as prayed for by appellee.

[1] The action was commenced March 17, 1914. The facts concerning the use of the Bunker machine by appellant are as follows: The machine was purchased by appellant from the Triumph Manufacturing Company June 7, 1913. The machine was continually out of adjustment and did not work well. Being dissatisfied with the machine and believing the appellee's machine a better one, appellant, about the last of September, 1913, purchased from appellee one of its machines, and was allowed by it $75 for the Bunker machine. There is no evidence that the appellant ever used any Bunker machine, except as above stated, or ever threatened to do so. It therefore appears that appellant was not using the Bunker machine when this action was commenced, and had not been for nearly six months. There is no evidence that appellant ever received any notice that appellee claimed that Bunker machine infringed the National marking machine, while it was being used by appellant. We lay aside all evidence tending to show collusion between the parties to this action for the purpose of maintaining a suit, which would put the Triumph Manufacturing Company out of business, and view the case as one where the evidence wholly fails to make a case for injunctive relief. This being so, the prayer for damages and profits, concerning which the court only has jurisdiction as incidental to its equity jurisdiction, must also fail. Root,

Ex'r, v. L. S. & M. S. R. Co., 105 U. S. 189, 26 L. Ed. 975; Wood-manse & Hewitt Mfg. Co. v. Williams, 68 Fed. 489, 15 C. C. A. 520; Kennicott Water Softener Co. v. Bain, 185 Fed. 520, 107 C. C. A. 626; Smith v. Sands (C. C.) 24 Fed. 470; American Pneumatic Tool Co. v. Bigelow Co. (C. C.) 100 Fed. 467; Streat v. American Rubber Co. (C. C.) 115 Fed. 634.

[2] For the purpose of determining whether equity rules 22 and 23 (198 Fed. xxiv, 115 C. C. A. xxiv) or section 274a, Judicial Code (Act March 3, 1915, c. 90, 38 Stat. 956 [Comp. St. 1916, § 1251a]), have any bearing as to the disposition which must be made of the case on the present record, the general nature and scope of the case as made by the complaint must be considered. From such consideration, it does not appear that the suit should have been brought as an action at law (rule 22, section 274a, Judicial Code), or that a matter, ordinarily determinable at law, has arisen in a suit in equity (rule 23). The present suit was essentially a suit in equity for injunction. It failed on the merits for want of proof, and any legal question involved fell with the main suit. In other words, where the main ground of equitable jurisdiction is also the main object of the suit, and this object fails for want of proof, the case will not be retained to decide an incidental question of law. The damages or profits for the two or three months' use of a defective machine would be so negligible that no importance could be attached to that feature of the case.

The order of the trial court dismissing the case was right. The decree below, therefore, should be reversed, with instructions to dismiss the complaint for want of equity; and it is so ordered.

⚚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes